UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LESLIE MACKINNON,

Plaintiff,

v.

LINBECK, KENNEDY & ROSSI,
FRED WILLIAMS, INC. and
JAMES J. KEENAN,

Defendants.

# 05 - 11555 JLT

RECEIPT #_____
Civil Action AMOUNT $_____ 250.00
SUMMONS ISSUED____ NA
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____ M.P.
DATE_____ 7/22/05

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(b) and (c), Defendants Linbeck, Kennedy & Rossi, Fred

Williams, Inc. and James J. Keenan (collectively, "Defendants") hereby remove to this Court the

above-captioned action pending in the Superior Court Department of the Trial Court, Middlesex

County, Massachusetts, Civil Action No. 05-2009 (the "Action"). Removal of this Action is

proper for the following reasons:

## BASIS FOR REMOVAL

MAGISTRATE JUDGE LTS

1.     Removal of this Action is proper under 28 U.S.C. § 1331 because Plaintiff Leslie

MacKinnon's ("Plaintiff's") Complaint asserts claims against Defendants Linbeck, Kennedy &

Rossi and Fred Williams, Inc. under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e, et seq. – a federal statute. See Complaint at ¶ 52 of Count I, ¶ 72 of Count III, ¶ 102 of

Count VI, and ¶ 127 of Count VIII. These claims therefore arise under the laws of the United

States, as required by 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1441(b) and (c), Defendants

may remove Plaintiff's federal claims, along with any claims based on state law, to this Court.

2. Defendants have contemporaneously filed the attached Notice of Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d), with the Clerk of the Middlesex Superior Court, and contemporaneously served both Notices on Plaintiff's counsel. The Notice of Filing of Notice of Removal is attached hereto as Exhibit A.

## TIMELINESS OF REMOVAL

3. This Action was filed by Plaintiff in Middlesex Superior Court on or about June 9, 2005. Defendant Linbeck, Kennedy & Rossi was served with the Summons and Complaint on or about June 23, 2005. Defendant Fred Williams, Inc. was served with the Summons and Complaint on or about July 5, 2005. In accordance with 28 U.S.C. § 1446(a), all process, pleadings and orders entered by Middlesex Superior Court, including a true and accurate copy of the Summons and Complaint, are attached hereto as Exhibit B.

4. This Notice of Removal is filed with this Court on a timely basis, as required by 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days of the service of Plaintiff's Complaint upon Defendants Linbeck, Kennedy & Rossi and Fred Williams, Inc. Likewise, this Notice is being filed within thirty days of the earliest date Linbeck, Kennedy & Rossi and Fred Williams, Inc. had actual notice of Plaintiff's Complaint and federal claims, as the time of service is the first time either party had possession of and reviewed a copy of Plaintiff's Complaint.

**WHEREFORE**, Linbeck, Kennedy & Rossi, Fred Williams, Inc. and James J.

Keenan respectfully request that this Action proceed in this Court as properly removed hereto.

Respectfully submitted,

LINBECK, KENNEDY & ROSSI,

By its attorneys,

HOLLAND & KNIGHT LLP

Liam T. O'Connell (BBO #558429)
Maura J. Gerhart (BBO #654695)
Holland & Knight LLP
10 St. James Avenue
Boston, Massachusetts 02116
(617) 523-2700

FRED WILLIAMS, INC.,

By its attorneys,

PROSKAUER ROSE LLP

Mark Batten

Mark W. Batten (BBO #566211)
Proskauer Rose LLP
One International Place
Boston, Massachusetts 02110
(617) 526-9850

JAMES J. KEENAN,

James J. Keenan
110 Babcock Street
Quincy, Massachusetts 02169

Date: July 22, 2005

## CERTIFICATE OF SERVICE

I certify that I have caused a true and correct copy of the foregoing Notice of Removal to be served on the parties listed below via first class mail on this 22nd day of July, 2005:

John P. LeGrand, Esq.
John P. LeGrand & Associates, PC
375 Broadway, Suite 2
Somerville, MA  02145

Sol Cohen, Esq.
Cohen & Sales
43 Thorndike Street
Cambridge, MA  02141

Maura J. Gerhart, Esq.

# 3072342_v1

4

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                    SUPERIOR COURT DEPARTMENT

LESLIE MACKINNON,

                              Plaintiff,

        v.

LINBECK, KENNEDY & ROSSI,                         Civil Action No. 05-2009
FRED WILLIAMS, INC. and
JAMES J. KEENAN,

                              Defendants.

## NOTICE OF FILING NOTICE OF REMOVAL

TO:     THE HONORABLE JUDGES OF THE SUPERIOR COURT

        NOTICE IS HEREBY GIVEN that on the twenty-second day of July, 2005, Defendants

Linbeck, Kennedy & Rossi, Fred Williams, Inc. and James J. Keenan filed a Notice of Removal

of this action in the United States District Court for the District of Massachusetts.  A true and

accurate copy of the Notice of Removal so filed is attached hereto as Exhibit 1.  Therefore,

Defendants respectfully request that this Court proceed no further in this matter.


                **[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Respectfully submitted,

LINBECK, KENNEDY & ROSSI,

By its attorneys,

HOLLAND & KNIGHT LLP

Liam T. O'Connell (BBO #558429)
Maura J. Gerhart (BBO #654695)
Holland & Knight LLP
10 St. James Avenue
Boston, Massachusetts 02116
(617) 523-2700

FRED WILLIAMS, INC.,

By its attorneys,

PROSKAUER ROSE LLP

Mark Batten (MG)

Mark W. Batten (BBO #566211)
Proskauer Rose LLP
One International Place
Boston, Massachusetts 02110
(617) 526-9850

JAMES J. KEENAN,

James J. Keenan
110 Babcock Street
Quincy, Massachusetts 02169

Date: July 22, 2005

## **CERTIFICATE OF SERVICE**

I certify that I have caused a true and correct copy of the foregoing Notice of Filing Notice of Removal to be served on the parties listed below via first class mail on this 22nd day of July, 2005:

        John P. LeGrand, Esq.
        John P. LeGrand & Associates, PC
        375 Broadway, Suite 2
        Somerville, MA  02145

        Sol Cohen, Esq.
        Cohen & Sales
        43 Thorndike Street
        Cambridge, MA  02141

Maura J. Gerhart, Esq.

# 3072418_v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LESLIE MACKINNON,

Plaintiff,

v.

LINBECK, KENNEDY & ROSSI,
FRED WILLIAMS, INC. and
JAMES J. KEENAN,

Defendants.

Civil Action No. _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(b) and (c), Defendants Linbeck, Kennedy & Rossi, Fred

Williams, Inc. and James J. Keenan (collectively, "Defendants") hereby remove to this Court the

above-captioned action pending in the Superior Court Department of the Trial Court, Middlesex

County, Massachusetts, Civil Action No. 05-2009 (the "Action"). Removal of this Action is

proper for the following reasons:

## BASIS FOR REMOVAL

1.      Removal of this Action is proper under 28 U.S.C. § 1331 because Plaintiff Leslie

MacKinnon's ("Plaintiff's") Complaint asserts claims against Defendants Linbeck, Kennedy &

Rossi and Fred Williams, Inc. under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e, et seq. – a federal statute. See Complaint at ¶ 52 of Count I, ¶ 72 of Count III, ¶ 102 of

Count VI, and ¶ 127 of Count VIII. These claims therefore arise under the laws of the United

States, as required by 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1441(b) and (c), Defendants

may remove Plaintiff's federal claims, along with any claims based on state law, to this Court.

2.      Defendants have contemporaneously filed the attached Notice of Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d), with the Clerk of the Middlesex Superior Court, and contemporaneously served both Notices on Plaintiff's counsel. The Notice of Filing of Notice of Removal is attached hereto as Exhibit A.

## TIMELINESS OF REMOVAL

3.      This Action was filed by Plaintiff in Middlesex Superior Court on or about June 9, 2005. Defendant Linbeck, Kennedy & Rossi was served with the Summons and Complaint on or about June 23, 2005. Defendant Fred Williams, Inc. was served with the Summons and Complaint on or about July 5, 2005. In accordance with 28 U.S.C. § 1446(a), all process, pleadings and orders entered by Middlesex Superior Court, including a true and accurate copy of the Summons and Complaint, are attached hereto as Exhibit B.

4.      This Notice of Removal is filed with this Court on a timely basis, as required by 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days of the service of Plaintiff's Complaint upon Defendants Linbeck, Kennedy & Rossi and Fred Williams, Inc. Likewise, this Notice is being filed within thirty days of the earliest date Linbeck, Kennedy & Rossi and Fred Williams, Inc. had actual notice of Plaintiff's Complaint and federal claims, as the time of service is the first time either party had possession of and reviewed a copy of Plaintiff's Complaint.

**WHEREFORE**, Linbeck, Kennedy & Rossi, Fred Williams, Inc. and James J.

Keenan respectfully request that this Action proceed in this Court as properly removed hereto.

Respectfully submitted,

LINBECK, KENNEDY & ROSSI,

By its attorneys,

HOLLAND & KNIGHT LLP

Liam T. O'Connell (BBO #558429)
Maura J. Gerhart (BBO #654695)
Holland & Knight LLP
10 St. James Avenue
Boston, Massachusetts 02116
(617) 523-2700

FRED WILLIAMS, INC.,

By its attorneys,

PROSKAUER ROSE LLP

Mark Batten (MB)

Mark W. Batten (BBO #566211)
Proskauer Rose LLP
One International Place
Boston, Massachusetts 02110
(617) 526-9850

JAMES J. KEENAN,

James J. Keenan
110 Babcock Street
Quincy, Massachusetts 02169

Date: July 22, 2005

3

## CERTIFICATE OF SERVICE

I certify that I have caused a true and correct copy of the foregoing Notice of Removal to be served on the parties listed below via first class mail on this 22nd day of July, 2005:

John P. LeGrand, Esq.
John P. LeGrand & Associates, PC
375 Broadway, Suite 2
Somerville, MA 02145

Sol Cohen, Esq.
Cohen & Sales
43 Thorndike Street
Cambridge, MA 02141

Maura J. Gerhart, Esq.

# 3072342_v1

# EXHIBIT A



COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                          SUPERIOR COURT DEPARTMENT

---

LESLIE MACKINNON,

                              Plaintiff,

        v.

LINBECK, KENNEDY & ROSSI,                              Civil Action No. 05-2009
FRED WILLIAMS, INC. and
JAMES J. KEENAN,

                              Defendants.

---

## NOTICE OF FILING NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE SUPERIOR COURT

        NOTICE IS HEREBY GIVEN that on the twenty-second day of July, 2005, Defendants

Linbeck, Kennedy & Rossi, Fred Williams, Inc. and James J. Keenan filed a Notice of Removal

of this action in the United States District Court for the District of Massachusetts. A true and

accurate copy of the Notice of Removal so filed is attached hereto as Exhibit 1. Therefore,

Defendants respectfully request that this Court proceed no further in this matter.


**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## CERTIFICATE OF SERVICE

I certify that I have caused a true and correct copy of the foregoing Notice of Filing Notice of Removal to be served on the parties listed below via first class mail on this 22nd day of July, 2005:

John P. LeGrand, Esq.
John P. LeGrand & Associates, PC
375 Broadway, Suite 2
Somerville, MA 02145

Sol Cohen, Esq.
Cohen & Sales
43 Thorndike Street
Cambridge, MA 02141

Maura J. Gerhart, Esq.

# 3072418_v1

3

# EXHIBIT B

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

# COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05-2009

................. MIDDLESEX ............. , ss
[seal]

LESLIE MACKINNON
........................................... , Plaintiff(s)

v.

LINBECK, KENNEDY & ROSSI,
FRED WILLIAMS, INC. AND
JAMES J. KEENAN ................. , Defendant(s)

A TRUE COPY ATTEST

DEPUTY SHERIFF
Middlesex County

Agent or Authorized Representative of:
Linbeck, Kennedy & Rossi
One Macguire Road
Lexington, Massachusetts

**SUMMONS**

DATE OF SERVICE
6~ 23-05

To the above-named Defendant:

You are hereby summoned and required to serve upon .... John P. LeGrand ..........

............................................ plaintiff's attorney, whose address is .375..Broadway,.Suite 2

.Somerville,.Massachusetts.........................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...................................

Cambridge ...................................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse** V. DeVecchio, Esquire, at ...... Cambridge ...........................................

the ............... 9th ................................ day of ...... June ...........................................

...................., in the year of our Lord ...... 2005 ...........................

Edward J Sullivan

**Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM NO. SUP. — 001

PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS



MIDDLESEX .............. , ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05-2009

LESLIE MACKINNON
........................................., Plaintiff(s)

v.

LINBECK, KENNEDY & ROSSI,
FRED WILLIAMS, INC. AND
JAMES J. KEENAN ..............., Defendant(s)

James J. Keenan
110 Babcock Street
Quincy, Massachusetts

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ...... John P. LeGrand, Esquire ......

.................................................. plaintiff's attorney, whose address is 375 Broadway, Ste.2.

Somerville, Massachusetts ........................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ..................................
Cambridge
................................................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse** ....., Esquire, at  Cambridge ........................................

the ................. 9th .......................... day of ...... June ...........................................

...................., in the year of our Lord ...... 2005 ..........................

A TRUE COPY ATTEST:

Edward J Sullivan

DEPUTY SHERIFF

FE 6/5/05

Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM NO. SUP. — 001

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ............ , ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05-2009



Leslie MacKinnon
.............................................. , Plaintiff(s)

Linbeck, Kennedy & Rossi
Fred Williams, Inc. and
James J. Keenan .............. , Defendant(s)

Agent or Authorized Representative of:
Fred Williams, Inc.
20 Scanlon Drive
Randolph, MA 02368

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ...... John P. LeGrand, Esquire
.............................................. plaintiff's attorney, whose address is 375 Broadway, Suite 2
Somerville, MA 02145 .............................................. , an answer to the complaint which is herewith
served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you
fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at ..............................
Cambridge .............................................. either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse .............. , Esquire, at ...... Somerville ..............................
the 27th .............................................. day of June
.............................................. in the year of our Lord ...... 2005 ..............

A TRUE COPY, ATTEST:

DEPUTY SHERIFF

DATE 7-5-05

*Edward J. Sullivan*
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT DEPARTMENT
C.A. NO.: 05-2009

LESLIE MACKINNON
    Plaintiff

V.
LINBECK, KENNEDY & ROSSI,
FRED WILLIAMS INC.,
AND JAMES J. KEENAN
    Defendants

## COMPLAINT AND JURY CLAIM

NOW comes Leslie MacKinnon, Plaintiff in the above–entitled action, and hereby

states as follows:

### PARTIES

1. This is a civil rights action based on unlawful sexual harassment and sexual abuse
   and the failure to respond to reports of such unlawful sexual harassment and
   sexual abuse by an employer against its employee

2. The Plaintiff in this action is Leslie MacKinnon, a United States citizen now or
   formerly residing at 10 Bicknell Terrace in Lawrence, Massachusetts.

3. Defendant Linbeck, Kennedy & Rossi is a corporation duly registered and doing
   business in the Commonwealth of Massachusetts now or formerly having a usual
   place of business located at One Macguire Road in Lexington. Massachusetts, and
   regularly conducts business within the Commonwealth of Massachusetts.

4. Defendant, Linbeck, Kennedy & Rossi is an employer as defined by 42 U.S.C. 200e and Massachusetts General Laws Chapter 151B, Section 1, which at all times relevant to this Complaint had more than fifteen employees.

5. Defendant Fred Williams , Inc., is a corporation duly registered and doing business in the Commonwealth of Massachusetts, now or formerly having a usual place of business located at 20 Scanlon Drive in Randolph , Massachusetts, and regularly conducts business within the Commonwealth of Massachusetts

6. Defendant, Fred Williams, Inc., is an employer as defined by 42 U.S.C. 200e and Massachusetts General Laws Chapter 151B, Section 1, which at all times relevant to this Complaint had more than fifteen employees.

7. Defendant, James J. Keenan, (hereinafter referred to as "Keenan") is an individual, who now or formerly resides at 110 Babcock Street in Quincy, Massachusetts.

8. At all times relevant, Defendant Linbeck, Kennedy & Rossi was the general contractor at a construction project located at 770 Memorial Drive in Cambridge, Massachusetts.

9. At all times relevant to this Complaint, Plaintiff was an employee of Sweeney Dry Wall, a subcontractor to Defendant Linbeck, Kennedy & Rossi at the construction project located at 770 Memorial Drive in Cambridge, Massachusetts.

10. At all times relevant to this Complaint, Defendant Fred Williams Inc. was a subcontractor to Defendant Linbeck, Kennedy & Rossi at the construction project located at 770 Memorial Drive in Cambridge, Massachusetts.

11. At all times relevant to this Complaint, Defendant Keenan was a manager, agent, servant and/or employee of Defendant Fred Williams Inc.

## FACTS COMMON TO ALL COUNTS

12. Plaintiff, a female, is a member of a class of people protected under Title VII of the Civil Rights Act, 42 U.S.C. 2000e, et seq.

13. Plaintiff, a female, is a member of the class of people protected under Massachusetts General Laws Chapter 151B, Section 1, et seq.

14. At all times relevant to this Complaint, plaintiff was employed by Sweeney Dry Wall as a Taper.

15. At all times during her employment with Sweeney Dry Wall, Plaintiff was qualified for the position of Taper.

16. At all times relevant to this complaint, Defendant Keenan and the Plaintiff worked at the construction project located at 770 Memorial Drive in Cambridge, Massachusetts.

17. For approximately two months, Defendant Keenan did subject Plaintiff to unlawful and unwelcome sexual harassment and gender discrimination.

18. Defendant Keenan's gender discrimination, including sexual harassment and sexual abuse, was continuing in nature and was extremely pervasive.

19. Plaintiff did report Keenan's unwelcome and unlawful sexual harassment and gender discrimination to supervisors for Defendants Linbeck, Kennedy & Rossi and Fred Williams, Inc. on several occasions.

20. The Defendants' supervisors were present during several incidents of Keenan's unwelcome and unlawful sexual harassment and gender discrimination, and were aware of Keenan's behavior.

21. Defendant Fred Williams Inc. failed to respond to Plaintiff's complaints of Keenan's unwelcome and unlawful sexual harassment and gender discrimination.

22. Defendant Linbeck, Kennedy & Rossi failed to respond to Plaintiff's complaints of unwelcome and unlawful sexual harassment and gender discrimination.

23. Defendant Fred Williams, Inc. is strictly liable for its employee Keenan's unlawful sexual harassment and sexual abuse of Plaintiff.

24. Defendant Linbeck, Kennedy & Rossi are strictly liable for its employee Keenan's unlawful sexual harassment and sexual abuse of Plaintiff

25. Defendant Fred Williams Inc., is liable for its unlawful failure to respond to Defendant Keenan's sexual harassment, sexual abuse, and sexual discrimination, which Defendant's managers, agents, and employees had witnessed, and of which Defendant Fred Williams Inc. knew or should have known, by Defendant Keenan against Plaintiff.

26. Defendant Linbeck, Kennedy & Rossi is liable for its unlawful failure to respond to Defendant Keenan's sexual harassment, sexual abuse, and sexual discrimination which Defendant's managers, agents, and employees witnessed, and of which Defendant Linbeck, Kennedy & Rossi knew or should have known, by Defendant Keenan against Plaintiff.

27. Defendant Fred Williams, Inc. is liable for its unlawful failure to respond to
    Plaintiff's complaints of sexual harassment, sexual abuse, and gender
    discrimination by Defendant, Keenan.

28. Defendant Linbeck, Kennedy & Rossi is liable for its unlawful failure to respond
    to Plaintiff's complaints of sexual harassment, sexual abuse, and gender
    discrimination by Defendant Keenan.

29. From approximately October 29, 2002 up to and including November 13, 2002,
    Defendants Linbeck, Kennedy & Rossi and Fred Williams Inc., through their
    agent, servant and employee. Defendant Keenan, subjected Plaintiff to a
    continuing pattern and practice of gender discrimination, including sexual
    harassment and sexual abuse.

30. Defendants Linbeck, Kennedy & Rossi, Fred Williams Inc., and Keenan's sexual
    harassment, sexual abuse and gender discrimination included but was not limited
    to the following:

    a. various and diverse incidents of sexual harassment;

    b. creation of an environment where sexual abuse, sexual harassment and
       gender discrimination was tolerated;

    c. failure to respond to Plaintiff's complaints of sexual harassment, sexual
       abuse, and gender discrimination;

    d. failure to act while having direct knowledge of sexual harassment, sexual
       abuse, and gender discrimination by an agent, servant or employee against
       an employee;

    e.  Defendant Keenan's repeated and continual unwelcome sexual advances against Plaintiff;

    f.  Defendant Keenan's repeated and unwelcome inquiries into plaintiff's personal life; and

    g.  Defendant Keenan's creation of an abusive environment by verbal and physical conduct of a sexual nature which unreasonably interfered with Plaintiff's employment, creating an intimidating, hostile, humiliating, and sexually offensive environment.

31. Defendants' unwelcome sexual conduct was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's work performance.

32. Defendants' conduct created an intimidating, hostile and offensive working environment.

33. Defendants' unlawful sexual harassment and gender discrimination altered the terms and conditions of Plaintiff's employment.

34. Plaintiff was forced to resign her employment because Defendants' sexual harassment created intolerable working conditions.

35. A reasonable person in Plaintiff's position would have found the working conditions so intolerable that he or she would have been compelled to resign.

36. Plaintiff's resignation was a reasonably foreseeable consequence of Defendants' sexual harassment and abuse.

37. At all times herein relevant, Defendant Fred Williams Inc. had the duty to provide individuals, including Plaintiff, with an equitable, non-discriminatory and sexual harassment-free work environment.

38. At all times herein relevant, Defendant Linbeck, Kennedy & Rossi had the duty to provide individuals, including the Plaintiff, with an equitable, non-discriminatory and sexual harassment-free work environment.

39. Defendant Fred Williams Inc. failed to take adequate steps to prevent and/or remedy gender discrimination and sexual harassment and sexual abuse of Plaintiff, in breach of its duty.

40. Defendant Linbeck, Kennedy & Rossi failed to take adequate steps to prevent and/or remedy gender discrimination and sexual harassment and sexual abuse of Plaintiff, in breach of its duty.

41. At all times relevant to this Complaint, Plaintiff was qualified to perform all duties and responsibilities of her trade and was qualified for employment.

42. On or about May 27, 2003, plaintiff filed a Complaint with the Massachusetts Commission Against Discrimination, which was duly cross-filed with the Equal Employment Opportunity Commission.

43. In the Complaint filed with the Massachusetts Commission Against Discrimination and cross-filed with the Equal Employment Opportunity Commission, Plaintiff alleged that Defendants Linbeck, Kennedy & Rossi, Fred Williams Inc., and Keenan sexually harassed and sexually abused her and subjected her to discrimination on the basis of her gender.

44. Pursuant to its work-sharing agreement with the Equal Employment Opportunity Commission, the Massachusetts Commission Against Discrimination investigated Plaintiff's Complaint of sexual harassment and gender discrimination against Linbeck, Kennedy & Rossi, Fred Williams Inc., and Keenan.

45. On or about March 24, 2005, the Massachusetts Commission Against Discrimination granted Plaintiff's request to remove her case as to Fred Williams Inc. and James Keenan and to file the instant civil action.

46. On or about March 31, 2005, the Massachusetts Commission against Discrimination granted Plaintiff's request to remove her case as to Linbeck, Kennedy & Rossi and to file the instant civil action.

47. On or about March 22, 2005, the Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue authorizing her to file the instant civil action as to Fred Williams and James Keenan.

48. On or about April 27, 2005, the Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue authorizing her to file the instant civil action as to Linbeck, Kennedy & Rossi.

COUNT I-SEXUAL HARASSMENT IN VIOLATION OF 42 U.S.C. 2000e

LESLIE MACKINNON V. LINBECK, KENNEDY & ROSSI.

49. Plaintiff restates, realleges and incorporates by reference herein allegations 1 through 54 of this Complaint.

50. Defendant in this Count is Linbeck, Kennedy & Rossi, a corporation duly organized and doing business under the laws of the Commonwealth of

Massachusetts, now or formerly having a usual place of business located at One

Macguire Road in Lexington, Massachusetts, which at all times relevant to this

Complaint had more than fifteen employees.

51. Defendant Linbeck, Kennedy, Rossi is an employer as defined by 42 U.S.C.

2000e and Massachusetts General Laws Chapter 151B, Section 1.

52. Defendant's conduct, as alleged in allegations 1 through 54 of Plaintiff's

Complaint, constitutes unlawful sexual harassment, in violation of Title VII of the

Civil Rights Act, 42 U.S.C. 2000e, et seq.

53. Defendant is liable for its failure to respond to its direct knowledge and to

Plaintiff's reports of unlawful, unwelcome sexual harassment and sexual abuse by

its agent, servant or employee.

54. As a direct and proximate result of Defendant's unlawful sexual harassment in

violation of Title VII of the Civil Rights Act, 42 U.S.C. 2000e, et seq., Plaintiff,

Leslie MacKinnon, was rendered disabled from working, has suffered severe

emotional distress, anguish of mind, incurred substantial medical bills, has

required medical care and attention, has incurred substantial loss of wages, and

earning capacity, and has suffered, and will continue to suffer, other damages as

will be shown at the time of trial.

55. Plaintiff complied with the requirement(s) of 42 U.S.C. 2000e-5(e)(1) when she

properly and in a timely manner filed a complaint with the Massachusetts

Commission Against Discrimination, which was cross-filed with the Equal

Employment Opportunity Commission, alleging that Defendant unlawfully

sexually harassed her in the context of her employment.

56. Plaintiff has duly, properly and in a timely manner notified the Equal

Employment Opportunity Commission of her intention to file this Complaint and

to seek relief in this Court.

57. The Equal Employment Opportunity Commission has issued Plaintiff a Notice of

her Right to Sue that authorizes Plaintiff to bring this private civil action against

Defendant.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against

Defendant Linbeck, Kennedy & Rossi and:

      a.  Declare that this Defendant's conduct violated Title VII of the Civil

          Rights Act, 42 U.S.C. 2000e, et seq.

      b.  Enjoin this Defendant from subjecting Plaintiff to gender discrimination,

          sexual harassment and sexual abuse;

      c.  Issue a mandatory injunction compelling Defendant to provide training to

          its employees, officers, and agents, designed to eliminate, prevent and

          reduce sexual harassment and gender discrimination;

      d.  Award Plaintiff compensatory and punitive damages in an amount of

          $500,000.00;

      e.  Award plaintiff reasonable attorney's fees and statutory interest; and

      f.  Issue such other relief as the Court deems just and proper.

## COUNT II-SEXUAL HARASSMENT IN VIOLATION OF M.G.L. CHAPTER 151B,

### SECTION 4

### LESLIE MACKINNON V. LINBECK, KENNEDY & ROSSI

58. Plaintiff restates, realleges and incorporates by reference herein allegation 1 through 54 of this Complaint

59. Defendant in this Count, Linbeck, Kennedy & Rossi, is a corporation duly organized and doing business under the laws of the Commonwealth of Massachusetts, now or formerly having a usual place of business located at One Macguire Road in Lexington, Massachusetts, which at all times relevant to this Complaint had more than fifteen employees.

60. Defendant Linbeck, Kennedy & Rossi is an employer as defined by 42 U.S.C. 2000e and Massachusetts General Laws Chapter 151B, Section 1.

61. Defendant's conduct, as alleged in allegations 1 through 54 of Plaintiff's Complaint, constitutes unlawful sexual harassment, in violation of Massachusetts General Laws Chapter 151B, Section 4.

62. Defendant is strictly liable for the unlawful, unwelcome, sexual harassment and sexual abuse against Plaintiff by its agent, servant, or employee, James Keenan

63. Defendant's conduct as alleged in paragraphs 1 through 54 created a work environment so impermissibly and unreasonably hostile that Plaintiff was forced to resign her employment.

64. A reasonable person in plaintiff's position would have found the work environment created by Defendant so unreasonably hostile that she would have resigned.

65. As a direct and proximate result of Defendant's unlawful sexual harassment in violation of Massachusetts General Laws Chapter 151B, Section 4, Plaintiff Leslie MacKinnon, was rendered disabled from working, has suffered severe emotional distress, anguish of mind, incurred substantial medical bills, has required medical care and attention, has incurred substantial loss of wages and earning capacity, and has suffered, and will continue to suffer, other damages as will be shown at the time of trial.

66. Plaintiff complied with the requirement(s) of Massachusetts General Laws Chapter 151B, Section 5 when she properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination alleging that Defendant unlawfully sexually harassed her in the context of her employment.

67. More than ninety days have passed since Plaintiff filed a Complaint of gender discrimination and sexual harassment with the Massachusetts Commission Against Discrimination.

68. The Massachusetts Commission Against Discrimination has allowed Plaintiff's request to remove this matter and file this private civil action.

69. Massachusetts General Laws Chapter 151B, Section 9 authorizes Plaintiff to bring this private civil action against the Defendant.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendant Linbeck, Kennedy & Rossi and:

    a. Declare that this Defendant's conduct violated Massachusetts General Laws Chapter 151B, Section 4, as amended;

    b. Enjoin this Defendant from subjecting Plaintiff to gender discrimination, sexual harassment, and sexual abuse;

    c. Issue a mandatory injunction compelling Defendant to provide training to its agents, employees, and officers designed to eliminate, prevent and reduce sexual harassment and gender discrimination;

    d. Award Plaintiff compensatory and punitive damages in an amount of $500,000.00;

    e. Award Plaintiff reasonable attorneys' fees, statutory interest and the costs of this action; and

    f. Issue such other relief as the Court deems just and proper.

COUNT III-SEXUAL HARASSMENT IN VIOLATION OF 42 U.S.C. 2000e

LESLIE MACKINNON V. FRED WILLIAMS INC.

70. Plaintiff restates, realleges and incorporates by reference herein allegations 1 through 54 of this Complaint

71. Defendant in this Count is Fred Williams, Inc., a corporation duly organized and doing business under the laws of the Commonwealth of Massachusetts, now or formerly having a usual place of business located at 1253 Broadway in Saugus,

Massachusetts, which at all times relevant to this Complaint had more than fifteen employees.

72. Defendant Fred Williams, Inc. is an employer as defined by 42 U.S.C. 2000e and Massachusetts General Laws Chapter 151B, Section 1.

73. Defendant's conduct, as alleged in allegations 1 through 54 of Plaintiff's Complaint, constitutes unlawful sexual harassment, in violation of Title VII of the Civil rights Act, 42 U.S.C. 2000e, et seq.

74. Defendant is liable for its failure to respond to its direct knowledge and to Plaintiff's reports of unlawful, unwelcome sexual harassment and sexual abuse by its agent, servant or employee.

75. As a direct and proximate result of Defendant's unlawful sexual harassment in violation of Title VII of the Civil Rights Act, 42 U.S.C. 2000e, et seq., Plaintiff, Leslie MacKinnon, was rendered disabled from working, has suffered severe emotional distress, anguish of mind, incurred substantial medical bills, has required medical care and attention, has incurred substantial loss of wages and earning capacity, and has suffered, and will continue to suffer, other damages as will be shown at the time of trial.

76. Plaintiff complied with the requirement(s) of 42 U.S.C. 2000e-5(e)(1) when she properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, which was cross-filed with the Equal Employment Opportunity Commission, alleging that Defendant unlawfully sexually harassed her in the context of her employment.

77. Plaintiff has duly, properly and in a timely manner notified the Equal
    Employment Opportunity Commission of her intention to file this Complaint and
    to seek relief in this Court.

78. The Equal Employment Opportunity Commission has issued Plaintiff a Notice of
    her Right to Sue that authorizes Plaintiff to bring this private civil action against
    Defendant.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against
Defendant Fred Williams, Inc. and:

    a. Declare that this Defendant's conduct violated Title VII of the Civil
       Rights Act, 42 U.S.C. 2000e, et seq.;

    b. Enjoin this defendant from subjecting Plaintiff to gender discrimination,
       sexual harassment and sexual abuse;

    c. Issue a mandatory injunction compelling Defendant to provide training to
       its employees, officers and agents, deigned to eliminate, prevent and
       reduce sexual harassment and gender discrimination;

    d. Award Plaintiff compensatory and punitive damages in an amount of
       $500,000.00;

    e. Award plaintiff reasonable attorneys' fees, statutory interest, and

    f. Issue such other relief as the Court deems just and proper.

COUNT IV- SEXUAL HARASSMENT IN VIOLATION OF M.G.L. CHAPTER 151B,

SECTION 4

LESLIE MACKINNON V. FRED WILLIAMS, INC.

79. Plaintiff restates, realleges and incorporates by reference herein allegations 1 through 54 of this complaint.

80. Defendant in this Count is Fred Williams Inc., a foreign corporation duly organized and doing business under the laws of the Commonwealth of Massachusetts, now or formerly having a usual place of business located at 1253 Broadway in Saugus, Massachusetts, which at all times relevant to this Complaint had more than fifteen employees.

81. Defendant Fred Williams Inc. is an employer as defined by 42 U.S.C. 2000e and Massachusetts General Laws Chapter 151B, Section 1.

82. Defendant's conduct, as alleged in allegations 1 through 54 of Plaintiff's Complaint, constitutes unlawful sexual harassment, in violation of Massachusetts General Laws Chapter 151B, Section 4.

83. Defendant is strictly liable for the unlawful, unwelcome, sexual harassment and sexual abuse against Plaintiff by its agent, servant or employee, James Keenan.

84. Defendant's conduct as alleged in paragraphs 1 through 54 created a work environment so impermissibly and unreasonably hostile that Plaintiff was forced to resign her employment.

85. A reasonable person in Plaintiff's position would have found the work environment created by Defendant so unreasonably hostile that she would have resigned.

86. As a direct and proximate result of Defendant's unlawful sexual harassment in violation of Massachusetts General Laws Chapter 151B, Section 4, plaintiff, Leslie MacKinnon, was rendered disabled from working, has suffered severe emotional distress, anguish of mind, incurred substantial medical bills, has required medical care and attention, has incurred substantial loss of wages and earning capacity, and has suffered, and will continue to suffer, other damages as will be shown at trial.

87. Plaintiff complied with the requirement(s) of Massachusetts General Laws Chapter 151B, Section 5 when she properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination alleging that Defendant unlawfully sexually harassed her in the context of her employment.

88. More than ninety days have passed since Plaintiff filed a Complaint of gender discrimination and sexual harassment with the Massachusetts Commission Against Discrimination.

89. The Massachusetts Commission Against Discrimination has allowed Plaintiff's request to remove this matter and file this private civil action.

90. Massachusetts General Laws Chapter 151B, Section 9 authorizes plaintiff to bring this private civil action against the Defendant.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendant Fred Williams Inc. and:

> a. Declare that this Defendant's conduct violated Massachusetts General Laws Chapter 151B, Section 4, as amended;

b. Enjoin this defendant from subjecting Plaintiff to gender discrimination, sexual harassment, and sexual abuse;

c. Issue a mandatory injunction compelling Defendant to provide training to its agents, employees and officers designed to eliminate, prevent and reduce sexual harassment and gender discrimination;

d. Award Plaintiff compensatory and punitive damages in an amount of $500,000.00;

e. Award plaintiff reasonable attorneys' fees, statutory interest and the costs of this action; and

f. Issue such other relief as the Court deems just and proper.

## COUNT V-SEXUAL HARASSMENT IN VIOLATION OF M.G.L CHAPTER 214,

### SECTION 1C AND M.G.L. c. 151B

### LESLIE MACKINNON V. JAMES J. KEENAN

91. Plaintiff restates, realleges and incorporates by reference herein allegations 1 through 54 of this Complaint

92. Defendant in this Count, James J. Keenan, is an individual, now or formerly with an address at 110 Babcock Street in Quincy, Massachusetts.

93. Defendant's conduct, as alleged in allegations 1 through 42 of Plaintiff's Complaint, constitutes unlawful sexual harassment and sexual abuse in violation of Massachusetts General Laws Chapter 214, Section 1C and M.G.l. c. 151B.

94. Defendant's conduct, as alleged in allegations 1 through 54 of Plaintiff's Complaint, constitutes an unlawful violation of Plaintiff's right to be free from

sexual harassment and sexual abuse in violation of Massachusetts General Laws Chapter 214, Section 1C and M.G.L. c. 151B.

95. As a direct and proximate result of Defendant's unlawful sexual harassment, sexual abuse and unlawful violation of Plaintiff's right to be free from sexual harassment and sexual abuse, secured in Massachusetts General Laws Chapter 214, Section 1C and M.G.L. c. 151B, Plaintiff, Leslie MacKinnon, was rendered disabled from working, has suffered severe emotional distress, anguish of mind, incurred substantial medical bills, has required medical care and attention, has incurred substantial loss of wages and earning capacity, and has suffered, and will continue to suffer, other damages as will be shown at the time of trial.

96. Plaintiff duly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination alleging that Defendant unlawfully sexually harassed her and otherwise violated her rights under M.G.L. Chapter 151B, Section 1, et seq. and M.G.L. Chapter 214, Section 1C, in the context of her employment.

97. More than ninety days have passed since plaintiff filed a Complaint of gender discrimination and sexual harassment with the Massachusetts Commission Against Discrimination.

98. The Massachusetts Commission Against Discrimination has allowed Plaintiff's request to remove this matter and file this private action.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendant and:

    a.   Declare that this Defendant's conduct violated Massachusetts General Laws Chapter 214, Section 1C and M.G.L. c. 151B;

    b.   Enjoin this Defendant from sexually harassing and sexually abusing Plaintiff;

    c.   Award Plaintiff compensatory and punitive damages, in an amount of $500,000.00

    d.   Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

    e.   Issue such other relief as the Court deems just and proper.

## COUNT VI-GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. 2000e
## LESLIE MACKINNON V. LINBECK, KENNEDY & ROSSI

99. Plaintiff restates, realleges and incorporates by reference herein allegations 1 through 54 of this Complaint.

100.        Defendant in this Count is Linbeck, Kennedy & Rossi, a corporation duly organized and doing business under the laws of the Commonwealth of Massachusetts, now or formerly having a usual place of business located at One Macguire Road in Lexington, Massachusetts, which at all times relevant to this Complaint had more than fifteen employees.

101.        Defendant Linbeck, Kennedy & Rossi is an employer as defined by 42 U.S.C. 2000e and Massachusetts General Laws Chapter 151B, Section 1.

102.    Defendant's conduct, as alleged in allegations 1 through 54 of Plaintiff's

Complaint, constitutes unlawful gender discrimination, in violation of 42 U.S.C.

2000e.

103.    Defendant's conduct as alleged in paragraphs 1 through 54 created a work

environment so impermissibly hostile that Plaintiff was forced to resign her

employment.

104.    A reasonable person in Plaintiff's position would have found the work

environment created by Defendant so unreasonably hostile that she would have

resigned.

105.    Defendant's failure to respond to its direct knowledge of and Plaintiff's

reports of unlawful gender discrimination, including unwelcome, sexual

harassment and sexual abuse by its manager, agent, servant and employee

constitutes unlawful gender discrimination.

106.    As a direct and proximate result of Defendant's unlawful gender

discrimination in violation of 42 U.S.C. 2000e, Plaintiff Leslie MacKinnon was

rendered disabled from working, has suffered severe emotional distress, anguish

of mind, incurred substantial medical bills, has required medical care and

attention, has incurred substantial loss of wages and earning capacity, and has

suffered, and will continue to suffer, other damages as will be shown at the time

of trial.

107.    Plaintiff complied with the requirement(s) of 42 U.S.C. 2000e when she

properly and in a timely manner filed a complaint with the Massachusetts

Commission Against Discrimination, which was duly cross-filed with the Equal

Employment Opportunity Commission, alleging that Defendant unlawfully

discriminated against her on the basis of her gender and subjected her to unlawful

and unwanted sexual harassment and sexual abuse in the context of her

employment.

108.      More than ninety days have passed since Plaintiff filed a Complaint of

gender discrimination and sexual harassment with the Massachusetts Commission

Against Discrimination.

109.      The Equal Employment Opportunity Commission has issued Plaintiff a

Notice of her Right to Sue that authorizes Plaintiff to bring this private civil action

against Defendant.

110.      Massachusetts General Laws Chapter 151B, Section 9 authorizes Plaintiff

to bring this private civil action against this Defendant.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against
Defendant Linbeck, Kennedy & Rossi and:

  a.  Declare that this Defendant's conduct violated 42 U.S.C. 20003;

  b.  Enjoin this Defendant from subjecting Plaintiff to gender discrimination,
      sexual harassment and sexual abuse;

  c.  Issue a mandatory injunction compelling Defendant to provide training to
      its agents, servants, employees and officers to eliminate, prevent and
      reduce gender discrimination;

  d.  Award plaintiff compensatory and punitive damages in an amount of
      $500,000.00;

e. Award plaintiff reasonable attorneys' fees, statutory interest, and the costs

of this action; and

f. Issue such other relief as the Court deems just and proper.

## COUNT VII- GENDER DISCRIMINATION IN VIOLATION OF M.G.L. CHAPTER

### 151B, SECTION 4

### LESLIE MACKINNON V. LINBECK, KENNEDY & ROSSI

111. Plaintiff restates, realleges and incorporates by reference herein allegations 1 through 54 of this Complaint.

112. Defendant in this Count is Linbeck, Kennedy & Rossi, is a corporation, duly organized and doing business under the laws of the Commonwealth of Massachusetts, now or formerly having a usual place of business located at One Macguire Road in Lexington, Massachusetts, which at all times relevant to this Complaint had more than fifteen employees.

113. Defendant Linbeck, Kennedy & Rossi is an employer as defined by 42 U.S.C. 2000e and Massachusetts General Laws 151B, Section 1.

114. Defendant's conduct, as alleged in allegations 1 through 54 of plaintiff's Complaint, constitutes unlawful gender discrimination, in violation of Massachusetts General Laws Chapter 151B, Section 4.

115. Defendant's conduct as alleged in paragraphs 1 through 54 created a work environment so impermissibly hostile that Plaintiff was forced to resign her employment.

116.    A reasonable person in Plaintiff's position would have found the work

environment created by the Defendant so unreasonably hostile that she would

have resigned.

117.    Defendant's failure to respond to its direct knowledge of and Plaintiff's

. reports of unlawful gender discrimination, including unwelcome, sexual

harassment and sexual abuse by its manager, agent, servant and employee

constituted unreasonable and impermissible gender discrimination, in violation of

42 U.S.C. 2000e.

118.    Defendant is strictly liable for the unlawful gender discrimination,

including unwelcome sexual harassment and sexual abuse of Plaintiff by its

manager, agent servant and employee, James Keenan.

119.    As a direct and proximate result of Defendant's unlawful gender

discrimination in violation of Massachusetts General Laws Chapter 151B, Section

4, Plaintiff Leslie MacKinnon, was rendered disabled from working, has suffered

severe emotional distress, anguish of mind, incurred substantial medical bills, has

required medical care and attention, has incurred substantial loss of wages and

earning capacity, and has suffered, and will continue to suffer, other damages as

will be shown at the time of trial.

120.    Plaintiff complied with the requirement(s) of Massachusetts General Laws

Chapter 151B, Section 5, when she properly and in a timely manner filed a

complaint with the Massachusetts Commission Against Discrimination, alleging

that Defendant unlawfully discriminated against her on the basis of her gender

and subjected her to unlawful and unwanted sexual harassment and sexual abuse
in the context of her employment.

121.    More than ninety days have passed since Plaintiff filed a Complaint of
gender discrimination and sexual harassment with the Massachusetts Commission
Against Discrimination.

122.    The Massachusetts Commission Against Discrimination has allowed
Plaintiff's request to remove this matter and file this private action.

123.    Massachusetts General Laws Chapter 151B, Section 9 authorizes Plaintiff
to bring this private civil action against this Defendant

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against
Defendant Linbeck, Kennedy & Rossi and:

    a.  Declare that this Defendant's conduct violated Massachusetts General
        Laws Chapter 151B, Section 4, as amended;

    b.  Enjoin this Defendant from subjecting plaintiff to gender discrimination,
        sexual harassment and sexual abuse;

    c.  Issue a mandatory injunction compelling Defendant to provide training to
        its agents, servants employees and officers designed to eliminate, prevent
        and reduce gender discrimination;

    d.  Award Plaintiff compensatory and punitive damages in the amount of
        $500,000.00;

    e.  Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs
        of this action;

f. Issue other relief as the Court deems just and proper.

COUNT VIII- GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. 2000e

LESLIE MACKINNON V. FRED WILLIAMS, INC.

124.    Plaintiff restates, realleges and incorporates by reference herein allegations 1 through 54 of this Complaint.

125.    Defendant in this Count is Fred Williams Inc., a corporation duly organized and doing business under the laws of the Commonwealth of Massachusetts, now or formerly having a usual place of business located at 1253 Broadway in Saugus, Massachusetts, which at all times relevant to this Complaint had more than fifteen employees.

126.    Defendant Fred Williams Inc. is an employer as defined by 42 U.S.C. 2000e and Massachusetts General Laws Chapter 151B, Section 1.

127.    Defendant's conduct, as alleged in allegations 1 through 54 of Plaintiff's Complaint, constitutes unlawful gender discrimination, in violation of 42 U.S.C. 2000e.

128.    Defendant's conduct as alleged in paragraphs 1 through 54 created a work environment so impermissibly hostile that Plaintiff was forced to resign her employment.

129.    A reasonable person in Plaintiff's position would have found the work environment created by Defendant so unreasonably hostile that she would have resigned.

130.    Defendants failure to respond to its direct knowledge of and Plaintiff's reports of unlawful gender discrimination, including unwelcome, sexual harassment and sexual abuse by its manager, agent, servant and employee constitutes unlawful gender discrimination.

131.    As a direct and proximate result of Defendant's unlawful gender discrimination ion violation of 42 U.S.C. 2000e, Plaintiff Leslie MacKinnon, was rendered disabled from working, has suffered severe emotional distress, anguish of mind, incurred substantial medical bills, has required medical care and attention, has incurred substantial loss of wages and earning capacity, and has suffered, and will continue to suffer, other damages as will be shown at the time of trial.

132.    Plaintiff complied with the requirement(s) of 42 U.S.C. 2000e when she properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, which was duly cross-filed with the Equal Employment Opportunity Commission, alleging that Defendant unlawfully discriminated against her on the basis of her gender and subjected her to unlawful and unwanted sexual harassment and sexual abuse in the context of her employment.

133.    More than ninety days have passed since Plaintiff filed a Complaint of gender discrimination and sexual harassment with the Commission against Discrimination.

134.     The Equal Employment Opportunity Commission has issued Plaintiff a

Notice of her Right to Sue that authorizes Plaintiff to bring this private civil action

against Defendant.

135.     Massachusetts General Laws Chapter 151B, Section 9 authorizes Plaintiff

to bring this private civil action against this Defendant.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against

Defendant Fred Williams Inc. and:

    a.  Declare that this Defendant's conduct violated 42 U.S.C. 2000e;

    b.  Enjoin this Defendant from subjecting Plaintiff to gender discrimination,
        sexual harassment and sexual abuse;

    c.  Issue a mandatory injunction compelling Defendant to provide training to
        its agents, servants or employees and officers to eliminate, prevent and
        reduce gender discrimination;

    d.  Award Plaintiff compensatory and punitive damages in an amount of
        $500,000.00;

    e.  Award plaintiff reasonable attorneys' fees, statutory interest, and the costs
        of this action; and

    f.  Issue such other relief as the Court deems just and proper.

COUNT IX- GENDER DISCRIMINATION IN VIOLATION OF M.G.L CHAPTER

151B, SECTION 4

LESLIE MACKINNON V. FRED WILLIAMS, INC.

136.     Plaintiff restates, realleges, and incorporates by reference herein
allegations 1 through 54 of this Complaint.

137.     Defendant in this Count is Fred Williams Inc., a foreign corporation duly
organized under the laws of the Commonwealth of Massachusetts, now or
formerly having a usual place of business located at 1253 Broadway in Saugus,
Massachusetts, which at all times relevant to this Complaint had more than fifteen
employees.

138.     Defendant Fred Williams, Inc. is an employer as defined by 42 U.S.C.
2000e and Massachusetts General Laws Chapter 151B, Section 1.

139.     Defendant's conduct, as alleged in allegations 1 through 54 of Plaintiff's
Complaint, constitutes unlawful gender discrimination, in violation of
Massachusetts General Laws Chapter 151B, Section 4.

140.     Defendant's conduct as alleged in paragraphs 1 through 54 created a work
environment so impermissibly hostile that Plaintiff was forced to resign her
employment.

141.     A reasonable person in Plaintiff's position would have found the work
environment created by the Defendant so unreasonably hostile that she would
have resigned.

142.     Defendant's failure to respond to its direct knowledge of and Plaintiff's
reports of unlawful gender discrimination, including unwelcome, sexual

harassment and sexual abuse by its manager, agent, servant and employee

constituted unreasonable and impermissible gender discrimination, in violation of

42 U.S.C. 2000e.

143.    Defendant is strictly liable for the unlawful gender discrimination,

including unwelcome sexual harassment and sexual abuse of Plaintiff by its

manager, agent, servant, and employee, Keenan, who was Plaintiff's direct

supervisor.

144.    As a direct and proximate result of Defendant's unlawful gender

discrimination in violation of Massachusetts General Laws Chapter 151B, Section

4, Plaintiff Leslie MacKinnon, was rendered disabled from working, has suffered

severe emotional distress, anguish of mind, incurred substantial medical bills, has

required medical care and attention, has incurred substantial loss of wages and

earning capacity, and has suffered, and will continue to suffer, other damages as

will be shown at the time of trial.

145.    Plaintiff complied with the requirement(s) of Massachusetts General Laws

Chapter 151B, section 5, when she properly and in a timely manner filed a

complaint with the Massachusetts Commission Against Discrimination, alleging

that Defendant unlawfully discriminated against her on the basis of her gender

and subjected her to unlawful and unwanted sexual harassment and sexual abuse

in the context of her employment.

146.    More than ninety days have passed since Plaintiff filed a Complaint of

gender discrimination and sexual harassment with the Massachusetts Commission

against Discrimination.

147.    The Massachusetts Commission against Discrimination has allowed

Plaintiff's request to remove this matter and file this private action.

148.    Massachusetts General Laws Chapter 151B, Section 9 authorizes Plaintiff

to bring this private civil action against this Defendant.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against

Defendant Fred Williams Inc. and:

    a.    Declare that this Defendant's conduct violated Massachusetts General

        Laws Chapter 151B, Section 4, as amended;

    b.    Enjoin this Defendant from subjecting Plaintiff to gender discrimination,

        sexual harassment and sexual abuse;

    c.    Issue a mandatory injunction compelling Defendant to provide training to

        its agents, employees and officers designed to eliminate, prevent and

        reduce gender discrimination;

    d.    Award Plaintiff compensatory and punitive damages in the amount of

        $500,000.00;

    e.    Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs

        of this action; and

    f.    Issue other relief as the Court deems just and proper.


COUNT X- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

LESLIE MACKINNON V. JAMES KEENAN

149.    Plaintiff restates, realleges and incorporates by reference herein

allegations 1 through 54 of this Complaint.

150.     Defendant in this Count, Keenan, is an individual, now or formerly with
an address at 110 Babcock Street in Quincy, Massachusetts.

151.     Defendant, as alleged in allegations 1 through 54 of this Complaint, did
intend to inflict emotional distress upon Plaintiff, or knew or should have known
that emotional distress was the likely result of his conduct.

152.     Defendant's conduct, as alleged in allegations 1 through 54, was extreme
and outrageous, was beyond all possible bounds of decency, and was utterly
intolerable in a civilized community

153.     Defendant's actions, as alleged in allegations 1 through 54, was the cause
of Plaintiff's emotional distress.

154.     Plaintiff's emotional distress was and is severe and of a nature that no
reasonable person could be expected to endure.

155.     As a direct and proximate result of Defendant's intentional infliction of
emotional distress, Plaintiff, Leslie MacKinnon, in addition to suffering from
severe emotional distress, was rendered disabled from working, has incurred
substantial medical bills, has required medical care and attention, has incurred
substantial loss of wages and earning capacity, and has suffered, and will continue
to suffer, other damages as will be shown at the time of trial.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against
the Defendant and:

      a.  Award plaintiff compensatory and punitive damages in an amount of
          $500,000.00;

    b.  Award Plaintiff reasonable attorney's fees, statutory interest, and the costs of this action; and

    c.  Issue such other relief as the Court deems just and proper.

COUNT XI– ASSAULT AND BATTERY V. JAMES KEENAN

156.    The Plaintiff restates, realleges and incorporates by reference herein paragraphs 1 through 54 of this Complaint

157.    On or about October 29, 2003 and at various times thereafter, the Defendant in this Count , Keenan, did intentionally commit unlawful and unwelcome harmful and offensive touchings upon the Plaintiff.

158.    As a direct and proximate result of Defendant Keenan's assault and battery, the Plaintiff has suffered severe emotional distress, personal injuries, anguish of mind, has incurred substantial loss of wages, and has suffered, and will continue to suffer, other damages as will be shown at trial.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against the Defendant and:

    a.  Award plaintiff compensatory and punitive damages in an amount of $500,000.00;

    b.  Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

    c.  Issue such other relief as the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISUES SO TRIABLE

Plaintiff
By her attorneys

John P. LeGrand
BBO#550185
JOHN P. LEGRAND
& ASSOCIATES, PC
375 Broadway, Suite 2
Somerville, MA 02145
(617) 623-3001

Sol Cohen, Esquire
BBO#630776
COHEN & SALES
43 Thorndike Street
Cambridge, MA 02141
(617) 621-1151

James J. Keenan
110 Babcock Street
Quincy, MA 02169


June 21, 2005


Clerk's Office - Civil
Middlesex Superior Court
40 Thorndike Street
Cambridge, MA 02141

RE:    Leslie MacKinnon v. Linbeck, Kennedy & Rossi, Fred Williams, Inc., and James J.
       Keenan
       C.A. No.: 05-2009

Dear Sir/Madam:

Please consider this letter my Position Statement. I understand from reviewing Ms.
MacKinnon's Complaint dated June 9, 2005 that she claims that I sexually harassed her
continuously while we were both working at a job site in Cambridge, MA between
October 29, 2002 through November 13, 2002.

I deny her allegations in their entirety. I was recently acquitted by a jury of six people in the
Cambridge District Court, No. 0352CR3239, in December, 2005, of the charges of criminal
harassment, assault & battery, and assault emanating from the wrongful, false allegations made
by Ms. MacKinnon that are summarized in her complaint.

Ms. MacKinnon and Officer Michael Regal testified in the criminal trial for the Commonwealth.
I testified in my own defense as did my supervisor at the time, Francis X. Gately as well as
Union Official William C. Henry, and co-worker Raymond F. Hennessey. I understand that the
criminal trial was audiotaped and that those tapes can be ordered and then transcribed, if
necessary.

I will indicate the true and accurate facts from my recollection as well as what I remember from
the testimony of some of the other witnesses.

I was working as a pipefitter at 770 Memorial Drive, Cambridge, MA in late October, 2002. On
or about the morning of October 29, 2002, I was leaving the bathroom and attempted to pass
down a rather narrow walking in which Ms. MacKinnon was doing dry wall work with a cart full
of tools. I could not go through that area without climbing over Ms. MacKinnon. Instead, I was
waiting for her to get up from her position and let me pass.

BOS1503506.1

While I waited for her to pass, she said words to the effect of "Get your balls out of my face." Ms. MacKinnon admitted saying those words to me at the criminal trial. I was surprised at her reaction since I had not done anything to her except wait for a convenient time to pass.

I was upset at her unprovoked nastiness but I walked away. I spotted my supervisor, Mr. Gately, and walked up to him and reported what happened. Ms. MacKinnon was close by and within eye sight. He basically told me to ignore her, which I did. I went on my way.

Later that morning, I was waiting in line to get to the coffee truck. Mr. Hennessey and Mr. Gately were nearby. Ms. MacKinnon approached me as I stood there with a number of other people also nearby. She demanded to know why I had approached my supervisor. I told her to get away from me and I refused to speak to her.

Ms. MacKinnon's allegations related to alleged sexual comments and spitting are false. The situation occurred as I stated in the previous four paragraphs.

Ms. MacKinnon also testified that I continually harassed her just about every working day during that period and that she made a "walk in" complaint to the Cambridge Police Department about my "conduct" sometime during that time period but that the police could not help her because she did not know my name. There is no record of her supposed complaint to the Cambridge Police Department even though Officer Regal testified that the standard operating procedure for the Cambridge Police Department at that time was to have an officer document such walk-in complaints.

She also testified that she never went back to the Cambridge Police Department during that time frame during lunch hours or breaks to potentially have an officer dispatched to confront me and find out my name. She testified that she had a cell phone at that time and never called the Cambridge Police Department to have an officer dispatched to confront me and ask for identification.

She even testified that there were times when I was working all day on the roof during this period yet even while I was on the roof she made no attempt to contact the Cambridge Police Department to have the police unnoticed come to the site and confront me or investigate to find out who I was. She took none of those actions even though she was supposedly frightened at my alleged continuing harassment. She did not take those actions because I never harassed her not spat at her.

I believe she made these false allegations against me to retaliate because she believed that I had reported her misconduct to my supervisor. I also believe that she made these false allegations against me as a "counterattack", a way to protect herself (in her mind) from my report of the "get your balls out of my face" incident to a supervisor. I also believe that once she got laid off from the job, she decided to later begin this action against the companies. She never added me to the complaint until recently. I believe that is because my criminal defense attorney made a specific

point to the jury of the fact that she continued this complaint against the companies without adding me long after she knew my identity because the companies had deep pockets.

I did not do the things that she has accused me of doing. Please give this Position Statement serious consideration.

I sign this document under the pains and penalties of perjury based upon my recollection of events, knowledge, information and belief.

Very truly yours,

James J. Keenan

JJK:tkv

cc: John P. LeGrand, Esq.

BOS1503506.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) **Leslie MacKinnon v. Linbeck, Kennedy & Rossi, et. al.**

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

    [ ] I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    [X] II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

    [ ] III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    [ ] IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.    **05-11555 JLT**

    [ ] V.    150, 152, 153.

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                      YES [ ]    NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
                                                                      YES [ ]    NO [X]
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                      YES [ ]    NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                      YES [ ]    NO [X]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                      YES [X]    NO [ ]

    A.  If yes, in which division do all of the non-governmental parties reside?
        Eastern Division [X]        Central Division [ ]        Western Division [ ]

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division [ ]        Central Division [ ]        Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)
                                                                      YES [ ]    NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **Liam T. O'Connell, Esq., Counsel for Linbeck, Kennedy & Rossi**
ADDRESS **Holland & Knight LLP, 10 St. James Avenue, Boston, MA 02116**
TELEPHONE NO. **(617) 523-2700**

(CategoryForm.wpd - 5/2/05)

℀JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Leslie MacKinnon

**DEFENDANTS**

Linbeck, Kennedy & Rossi, Fred Williams, Inc., and James J. Keenan

**(b)** County of Residence of First Listed Plaintiff    **Essex**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(see attachment)**

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)    **(see attachment)**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Rights Act of 1964

Brief description of cause:
Sexual Harassment and Gender Discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
July 21, 2005

SIGNATURE OF ATTORNEY OF RECORD
Atty for Linbeck, Kennedy & Rossi

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE