UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LESLIE MACKINNON,<br><br>      Plaintiff,<br><br>v.<br><br>LINBECK, KENNEDY & ROSSI,<br>FRED WILLIAMS, INC. and<br>JAMES J. KEENAN,<br><br>      Defendants. | Civil Action No. 05-11555 JLT |

## DEFENDANT LINBECK GROUP, L.P.'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Linbeck Group, L.P. (formerly known as Linbeck, Kennedy & Rossi) ("Linbeck") hereby responds to the allegations contained in Plaintiff Leslie MacKinnon's ("Plaintiff's") Complaint (the "Complaint"), and states its affirmative defenses to Plaintiff's claims.

## ANSWER

1. Paragraph 1 of the Complaint purports to state a conclusion of law to which no response is required.

2. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and therefore denies the same.

3. Linbeck admits that it is a corporation duly registered and doing business in the Commonwealth of Massachusetts that maintains a usual place of business located at One Maguire Road in Lexington, Massachusetts, and regularly conducts business within the Commonwealth of Massachusetts.

4. Paragraph 4 of the Complaint purports to state a conclusion of law to which no response is required.

5. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and therefore denies the same.

6. Paragraph 6 of the Complaint purports to state a conclusion of law to which no response is required.

7. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and therefore denies the same.

8. Linbeck admits that it was the general contractor at a construction project located at 770 Memorial Drive, Cambridge, Massachusetts. Linbeck denies the remaining allegations set forth in Paragraph 8 of the Complaint.

9. Linbeck admits Sweeney Dry Wall was a subcontractor at a construction project located at 770 Memorial Drive, Cambridge, Massachusetts. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and therefore denies the same.

10. Linbeck admits Fred Williams, Inc. was a subcontractor at a construction project located at 770 Memorial Drive, Cambridge, Massachusetts. Linbeck denies the remaining allegations set forth in Paragraph 10 of the Complaint.

11. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and therefore denies the same.

## FACTS COMMON TO ALL COUNTS

12. Paragraph 12 of the Complaint purports to state a conclusion of law to which no response is required.

13. Paragraph 13 of the Complaint purports to state a conclusion of law to which no response is required.

14. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and therefore denies the same.

15. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and therefore denies the same.

16. Linbeck admits that James J. Keenan and Plaintiff worked at a construction project located at 770 Memorial Drive, Cambridge, Massachusetts. Linbeck denies the remaining allegations set forth in Paragraph 16 of the Complaint.

17. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and therefore denies the same.

18. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and therefore denies the same.

19. Linbeck denies the allegations set forth in Paragraph 19 of the Complaint.

20. Linbeck denies the allegations set forth in Paragraph 20 of the Complaint.

21. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and therefore denies the same.

22. Linbeck denies the allegations set forth in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint purports to state a conclusion of law to which no response is required.

24. Paragraph 24 of the Complaint purports to state a conclusion of law to which no response is required.

25. Paragraph 25 of the Complaint purports to state a conclusion of law to which no response is required.

26. Paragraph 26 of the Complaint purports to state a conclusion of law to which no response is required.

27. Paragraph 27 of the Complaint purports to state a conclusion of law to which no response is required.

28. Paragraph 28 of the Complaint purports to state a conclusion of law to which no response is required.

29. Linbeck denies the allegations set forth in Paragraph 29 of the Complaint.

30. Linbeck denies the allegations set forth in Paragraph 30 of the Complaint.

31. Linbeck denies the allegations set forth in Paragraph 31 of the Complaint.

32. Linbeck denies the allegations set forth in Paragraph 32 of the Complaint.

33. Linbeck denies the allegations set forth in Paragraph 33 of the Complaint.

34. Linbeck denies the allegations set forth in Paragraph 34 of the Complaint.

35. Linbeck denies the allegations set forth in Paragraph 35 of the Complaint.

36. Linbeck denies the allegations set forth in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint purports to state a conclusion of law to which no response is required.

38. Paragraph 38 of the Complaint purports to state a conclusion of law to which no response is required.

39. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint and therefore denies the same.

40. Linbeck denies the allegations set forth in Paragraph 40 of the Complaint.

41. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint and therefore denies the same.

42. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint and therefore denies the same.

43. Paragraph 43 of the Complaint purports to summarize a written document that speaks for itself, and therefore no response is required to the allegations set forth in Paragraph 43 of the Complaint.

44. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint and therefore denies the same.

45. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint and therefore denies the same.

46. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint and therefore denies the same.

47. Paragraph 47 of the Complaint purports to summarize a written document that speaks for itself, and therefore no response is required to the allegations set forth in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint purports to summarize a written document that speaks for itself, and therefore no response is required to the allegations set forth in Paragraph 48 of the Complaint.

### COUNT I – SEXUAL HARASSMENT IN VIOLATION OF 42 U.S.C. 2000e
### LESLIE MACKINNON V. LINBECK, KENNEDY & ROSSI

49. Defendants restates its responses to Paragraphs 1-48 of the Complaint.

50. Linbeck admits that it is a corporation duly organized and doing business under the laws of the Commonwealth of Massachusetts that maintains a usual place of business located

at One Maguire Road in Lexington, Massachusetts, and that it has more than fifteen employees. Linbeck denies the remaining allegations set forth in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint purports to state a conclusion of law to which no response is required.

52. Paragraph 52 of the Complaint purports to state a conclusion of law to which no response is required.

53. Paragraph 53 of the Complaint purports to state a conclusion of law to which no response is required.

54. Linbeck denies the allegations set forth in Paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint purports to state a conclusion of law to which no response is required.

56. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Complaint and therefore denies the same.

57. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint and therefore denies the same.

COUNT II – SEXUAL HARASSMENT IN VIOLATION OF M.G.L. CHAPTER 151B, SECTION 4
LESLIE MACKINNON V. LINBECK, KENNEDY & ROSSI

58. Linbeck restates its responses to Paragraphs 1-54 of the Complaint.

59. Linbeck admits that it is a corporation duly organized and doing business under the laws of the Commonwealth of Massachusetts that maintains a usual place of business located at One Maguire Road in Lexington, Massachusetts, and that it has more than fifteen employees. Linbeck denies the remaining allegations set forth in Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint purports to state a conclusion of law to which no response is required.

61. Paragraph 61 of the Complaint purports to state a conclusion of law to which no response is required.

62. Paragraph 62 of the Complaint purports to state a conclusion of law to which no response is required.

63. Linbeck denies the allegations set forth in Paragraph 63 of the Complaint.

64. Linbeck denies the allegations set forth in Paragraph 64 of the Complaint.

65. Linbeck denies the allegations set forth in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint purports to state a conclusion of law to which no response is required.

67. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Complaint and therefore denies the same.

68. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Complaint and therefore denies the same.

69. Paragraph 69 of the Complaint purports to state a conclusion of law to which no response is required.

### COUNT III– SEXUAL HARASSMENT IN VIOLATION OF 42 U.S.C. 2000e
### LESLIE MACKINNON V. FRED WILLIAMS, INC.

70. Linbeck restates its responses to Paragraphs 1-54 of the Complaint.

71. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Complaint and therefore denies the same.

72. Paragraph 72 of the Complaint purports to state a conclusion of law to which no response is required.

73. Paragraph 73 of the Complaint purports to state a conclusion of law to which no response is required.

74. Paragraph 74 of the Complaint purports to state a conclusion of law to which no response is required.

75. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Complaint and therefore denies the same.

76. Paragraph 76 of the Complaint purports to state a conclusion of law to which no response is required.

77. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Complaint and therefore denies the same.

78. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the Complaint and therefore denies the same.

**COUNT IV – SEXUAL HARASSMENT IN VIOLATION OF M.G.L. CHAPTER 151B, SECTION 4**
**LESLIE MACKINNON V. FRED WILLIAMS, INC.**

79. Linbeck restates its responses to Paragraphs 1-54 of the Complaint.

80. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Complaint and therefore denies the same.

81. Paragraph 81 of the Complaint purports to state a conclusion of law to which no response is required.

82. Paragraph 82 of the Complaint purports to state a conclusion of law to which no response is required.

83. Paragraph 83 of the Complaint purports to state a conclusion of law to which no response is required.

84.     Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 of the Complaint and therefore denies the same.

85.     Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 of the Complaint and therefore denies the same.

86.     Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86 of the Complaint and therefore denies the same.

87.     Paragraph 87 of the Complaint purports to state a conclusion of law to which no response is required.

88.     Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88 of the Complaint and therefore denies the same.

89.     Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 of the Complaint and therefore denies the same.

90.     Paragraph 90 of the Complaint purports to state a conclusion of law to which no response is required.

### COUNT V – SEXUAL HARASSMENT IN VIOLATION OF M.G.L. CHAPTER 214, SECTION 1 AND M.G.L. c. 151B
### LESLIE MACKINNON V. JAMES J. KEENAN

91.     Linbeck restates its responses to Paragraphs 1-54 of the Complaint.

92.     Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of the Complaint and therefore denies the same.

93.     Paragraph 93 of the Complaint purports to state a conclusion of law to which no response is required.

94.     Paragraph 94 of the Complaint purports to state a conclusion of law to which no response is required.

95. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 95 of the Complaint and therefore denies the same.

96. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96 of the Complaint and therefore denies the same.

97. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 97 of the Complaint and therefore denies the same.

98. Paragraph 98 of the Complaint purports to state a conclusion of law to which no response is required.

### COUNT VI – GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. 2000E
### LESLIE MACKINNON V. LINBECK, KENNEDY & ROSSI

99. Linbeck restates its responses to Paragraphs 1-54 of the Complaint.

100. Linbeck admits that it is a corporation duly organized and doing business under the laws of the Commonwealth of Massachusetts that maintains a usual place of business located at One Maguire Road in Lexington, Massachusetts, and that it has more than fifteen employees. Linbeck denies the remaining allegations set forth in Paragraph 100 of the Complaint.

101. Paragraph 101 of the Complaint purports to state a conclusion of law to which no response is required.

102. Paragraph 102 of the Complaint purports to state a conclusion of law to which no response is required.

103. Linbeck denies the allegations set forth in Paragraph 103 of the Complaint.

104. Linbeck denies the allegations set forth in Paragraph 104 of the Complaint.

105. Paragraph 105 of the Complaint purports to state a conclusion of law to which no response is required.

106. Linbeck denies the allegations set forth in Paragraph 106 of the Complaint.

107.    Paragraph 107 of the Complaint purports to state a conclusion of law to which no response is required.

108.    Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108 of the Complaint and therefore denies the same.

109.    Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 109 of the Complaint and therefore denies the same.

110.    Paragraph 110 of the Complaint purports to state a conclusion of law to which no response is required.

### COUNT VII – GENDER DISCRIMINATION IN VIOLATION OF M.G.L. CHAPTER 151B, SECTION 4
### LESLIE MACKINNON V. LINBECK, KENNEDY & ROSSI

111.    Linbeck restates its responses to Paragraphs 1-54 of the Complaint.

112.    Linbeck admits that it is a corporation duly organized and doing business under the laws of the Commonwealth of Massachusetts that it maintains a usual place of business located at One Maguire Road in Lexington, Massachusetts, and that it has more than fifteen employees. Linbeck denies the remaining allegations set forth in Paragraph 112 of the Complaint.

113.    Paragraph 113 of the Complaint purports to state a conclusion of law to which no response is required.

114.    Paragraph 114 of the Complaint purports to state a conclusion of law to which no response is required.

115.    Linbeck denies the allegations set forth in Paragraph 115 of the Complaint.

116.    Linbeck denies the allegations set forth in Paragraph 116 of the Complaint.

117.    Paragraph 117 of the Complaint purports to state a conclusion of law to which no response is required.

118.    Paragraph 118 of the Complaint purports to state a conclusion of law to which no response is required.

119.    Linbeck denies the allegations set forth in Paragraph 119 of the Complaint.

120.    Paragraph 120 of the Complaint purports to state a conclusion of law to which no response is required.

121.    Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 121 of the Complaint and therefore denies the same.

122.    Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 122 of the Complaint and therefore denies the same.

123.    Paragraph 123 of the Complaint purports to state a conclusion of law to which no response is required.

### COUNT VIII – GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. 2000e
### LESLIE MACKINNON V. FRED WILLIAMS, INC.

124.    Linbeck restates its responses to Paragraphs 1-54 of the Complaint.

125.    Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 125 of the Complaint and therefore denies the same.

126.    Paragraph 126 of the Complaint purports to state a conclusion of law to which no response is required.

127. Paragraph 127 of the Complaint purports to state a conclusion of law to which no response is required.

128. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 128 of the Complaint and therefore denies the same.

129. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 129 of the Complaint and therefore denies the same.

130. Paragraph 130 of the Complaint purports to state a conclusion of law to which no response is required.

131. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 131 of the Complaint and therefore denies the same.

132. Paragraph 132 of the Complaint purports to state a conclusion of law to which no response is required.

133. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 133 of the Complaint and therefore denies the same.

134. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 134 of the Complaint and therefore denies the same.

135. Paragraph 135 of the Complaint purports to state a conclusion of law to which no response is required.

## COUNT IX – GENDER DISCRIMINATION IN VIOLATION OF M.G.L. CHAPTER 151B, SECTION 4
## LESLIE MACKINNON V. FRED WILLIAMS, INC.

136. Linbeck restates its responses to Paragraphs 1-54 of the Complaint.

137. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 137 of the Complaint and therefore denies the same.

138. Paragraph 138 of the Complaint purports to state a conclusion of law to which no response is required.

139. Paragraph 139 of the Complaint purports to state a conclusion of law to which no response is required.

140. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 140 of the Complaint and therefore denies the same.

141. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 141 of the Complaint and therefore denies the same.

142. Paragraph 142 of the Complaint purports to state a conclusion of law to which no response is required.

143. Paragraph 143 of the Complaint purports to state a conclusion of law to which no response is required.

144. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 144 of the Complaint and therefore denies the same.

145. Paragraph 145 of the Complaint purports to state a conclusion of law to which no response is required.

146. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 146 of the Complaint and therefore denies the same.

147. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 147 of the Complaint and therefore denies the same.

148. Paragraph 148 of the Complaint purports to state a conclusion of law to which no response is required.

### COUNT X – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### LESLIE MACKINNON V. JAMES KEENAN

149. Linbeck restates its responses to Paragraphs 1-54 of the Complaint.

150. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 150 of the Complaint and therefore denies the same.

151. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 151 of the Complaint and therefore denies the same.

152. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 152 of the Complaint and therefore denies the same.

153. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 153 of the Complaint and therefore denies the same.

154. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 154 of the Complaint and therefore denies the same.

155. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 155 of the Complaint and therefore denies the same.

## COUNT XI – ASSAULT AND BATTERY
## LESLIE MACKINNON V. JAMES J. KEENAN

156. Linbeck restates its responses to Paragraphs 1-54 of the Complaint.

157. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 157 of the Complaint and therefore denies the same.

158. Linbeck is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 158 of the Complaint and therefore denies the same.

## **AFFIRMATIVE DEFENSES**

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred by the applicable statutes of limitations.

### Third Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Fourth Defense

Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

### Fifth Defense

Plaintiff has failed to mitigate her damages.

### Sixth Defense

Plaintiff has failed to satisfy the statutory, procedural, or administrative prerequisites to her claims.

### Seventh Defense

Plaintiff has suffered no damages.

### Eighth Defense

The type of damages sought by Plaintiff are not all recoverable.

### Ninth Defense

To the extent any harassment has occurred for which Linbeck would otherwise be liable, Linbeck exercised reasonable care to prevent and promptly correct any harassing behavior, and Plaintiff unreasonably failed to take advantage of preventive and/or corrective opportunities or to otherwise avoid harm.

### Tenth Defense

Linbeck hereby gives notice that it intends to rely upon such other and further defenses and affirmative defenses as may become apparent during the proceedings in this case.

Respectfully submitted,

LINBECK GROUP, L.P.,

By its attorneys,

HOLLAND & KNIGHT LLP

_____
Liam T. O'Connell (BBO #558429)
Maura J. Gerhart (BBO #654695)
Holland & Knight LLP
10 St. James Avenue
Boston, Massachusetts 02116
(617) 523-2700

Date: July 29, 2005

# 3090578_v1