Leslie MacKinnon

vs.

Linbeck, Kennedy & Rossi, et al

Removal To US District Court

**Commonwealth of Massachusetts**
**SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**CAMBRIDGE**

MICV2005-02009

I, Karen O'Connor, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 8th of June, in the year of our Lord, Two Thousand Five

In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 1st of August in the year of our Lord, Two Thousand Five

Deputy Assistant Clerk



COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LESLIE MACKINNON,

              Plaintiff,

    v.

LINBECK, KENNEDY & ROSSI,
FRED WILLIAMS, INC. and
JAMES J. KEENAN,

              Defendants.

Civil Action No. **05 - 11555 JLT**



## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(b) and (c), Defendants Linbeck, Kennedy & Rossi, Fred Williams, Inc. and James J. Keenan (collectively, "Defendants") hereby remove to this Court the above-captioned action pending in the Superior Court Department of the Trial Court, Middlesex County, Massachusetts, Civil Action No. 05-2009 (the "Action"). Removal of this Action is proper for the following reasons:

## BASIS FOR REMOVAL

1.    Removal of this Action is proper under 28 U.S.C. § 1331 because Plaintiff Leslie MacKinnon's ("Plaintiff's") Complaint asserts claims against Defendants Linbeck, Kennedy & Rossi and Fred Williams, Inc. under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. – a federal statute. See Complaint at ¶ 52 of Count I, ¶ 72 of Count III, ¶ 102 of Count VI, and ¶ 127 of Count VIII. These claims therefore arise under the laws of the United States, as required by 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1441(b) and (c), Defendants may remove Plaintiff's federal claims, along with any claims based on state law, to this Court.

2.      Defendants have contemporaneously filed the attached Notice of Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d), with the Clerk of the Middlesex Superior Court, and contemporaneously served both Notices on Plaintiff's counsel. The Notice of Filing of Notice of Removal is attached hereto as Exhibit A.

## TIMELINESS OF REMOVAL

3.      This Action was filed by Plaintiff in Middlesex Superior Court on or about June 9, 2005. Defendant Linbeck, Kennedy & Rossi was served with the Summons and Complaint on or about June 23, 2005. Defendant Fred Williams, Inc. was served with the Summons and Complaint on or about July 5, 2005. In accordance with 28 U.S.C. § 1446(a), all process, pleadings and orders entered by Middlesex Superior Court, including a true and accurate copy of the Summons and Complaint, are attached hereto as Exhibit B.

4.      This Notice of Removal is filed with this Court on a timely basis, as required by 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days of the service of Plaintiff's Complaint upon Defendants Linbeck, Kennedy & Rossi and Fred Williams, Inc. Likewise, this Notice is being filed within thirty days of the earliest date Linbeck, Kennedy & Rossi and Fred Williams, Inc. had actual notice of Plaintiff's Complaint and federal claims, as the time of service is the first time either party had possession of and reviewed a copy of Plaintiff's Complaint.

**WHEREFORE**, Linbeck, Kennedy & Rossi, Fred Williams, Inc. and James J.

Keenan respectfully request that this Action proceed in this Court as properly removed hereto.

Respectfully submitted,

LINBECK, KENNEDY & ROSSI,

By its attorneys,

HOLLAND & KNIGHT LLP

Liam T. O'Connell (BBO #558429)
Maura J. Gerhart (BBO #654695)
Holland & Knight LLP
10 St. James Avenue
Boston, Massachusetts 02116
(617) 523-2700

FRED WILLIAMS, INC.,

By its attorneys,

PROSKAUER ROSE LLP

Mark Batten (MB)

Mark W. Batten (BBO #566211)
Proskauer Rose LLP
One International Place
Boston, Massachusetts 02110
(617) 526-9850

JAMES J. KEENAN,

James J. Keenan
110 Babcock Street
Quincy, Massachusetts 02169

Date: July 29, 2005

3

## CERTIFICATE OF SERVICE

I certify that I have caused a true and correct copy of the foregoing Notice of Removal to be served on the parties listed below via first class mail on this 22nd day of July, 2005:

John P. LeGrand, Esq.
John P. LeGrand & Associates, PC
375 Broadway, Suite 2
Somerville, MA 02145

Sol Cohen, Esq.
Cohen & Sales
43 Thorndike Street
Cambridge, MA 02141

Maura J. Gerhart, Esq.

#3072342_v1

4

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT DEPARTMENT
C.A. NO.:

**05-2009**

LESLIE MACKINNON
    Plaintiff

V.
LINBECK, KENNEDY & ROSSI,
FRED WILLIAMS INC.,
AND JAMES J. KEENAN
    Defendants



FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX
JUN 0 8 2005

CLERK

COMPLAINT AND JURY CLAIM

NOW comes Leslie MacKinnon, Plaintiff in the above–entitled action, and hereby

states as follows:

,            PARTIES

1. This is a civil rights action based on unlawful sexual harassment and sexual abuse
    and the failure to respond to reports of such unlawful sexual harassment and
    sexual abuse by an employer against its employee

2. The Plaintiff in this action is Leslie MacKinnon, a United States citizen now or
    formerly residing at 10 Bicknell Terrace in Lawrence, Massachusetts.

3. Defendant Linbeck, Kennedy & Rossi is a corporation duly registered and doing
    business in the Commonwealth of Massachusetts now or formerly having a usual
    place of business located at One Macguire Road in Lexington, MA and which
    regularly conducts business within the Commonwealth of Massachusetts.

7880E0000006/08/05CIVIL          240.00
7880E0000006/08/05SUR CHARGE      15.00
7880E0000006/08/05SECC            20.00

4.  Defendant, Linbeck, Kennedy & Rossi is an employer as defined by 42 U.S.C.
    200e and Massachusetts General Laws Chapter 151B, Section 1, which at all
    times relevant to this Complaint had more than fifteen employees.

5.  Defendant Fred Williams , Inc., is a corporation duly registered and doing
    business in the Commonwealth of Massachusetts, now or formerly having a usual
    place of business located at 20 Scanlon Drive in Randolph , Massachusetts, and
    regularly conducts business within the Commonwealth of Massachusetts

6.  Defendant, Fred Williams, Inc., is an employer as defined by 42 U.S.C. 200e and
    Massachusetts General Laws Chapter 151B, Section 1, which at all times relevant
    to this Complaint had more than fifteen employees.

7.  Defendant, James J. Keenan, (hereinafter referred to as "Keenan") is an
    individual, who now or formerly resides at 110 Babcock Street in Quincy,
    Massachusetts.

8.  At all times relevant, Defendant Linbeck, Kennedy & Rossi was the general
    contractor at a construction project located at 770 Memorial Drive in Cambridge,
    Massachusetts.

9.  At all times relevant to this Complaint, Plaintiff was an employee of Sweeney Dry
    Wall, a subcontractor to Defendant Linbeck, Kennedy & Rossi at the construction
    project located at 770 Memorial Drive in Cambridge, Massachusetts.

10. At all times relevant to this Complaint, Defendant Fred Williams Inc. was a
    subcontractor to Defendant Linbeck, Kennedy & Rossi at the construction project
    located at 770 Memorial Drive in Cambridge, Massachusetts.

11. At all times relevant to this Complaint, Defendant Keenan was a manager, agent, servant and/or employee of Defendant Fred Williams Inc.

## FACTS COMMON TO ALL COUNTS

12. Plaintiff, a female, is a member of a class of people protected under Title VII of the Civil Rights Act, 42 U.S.C. 2000e, et seq.

13. Plaintiff, a female, is a member of the class of people protected under Massachusetts General Laws Chapter 151B, Section 1, et seq.

14. At all times relevant to this Complaint, plaintiff was employed by Sweeney Dry Wall as a Taper.

15. At all times during her employment with Sweeney Dry Wall, Plaintiff was qualified for the position of Taper.

16. At all times relevant to this complaint, Defendant Keenan and the Plaintiff worked at the construction project located at 770 Memorial Drive in Cambridge, Massachusetts.

17. For approximately two months, Defendant Keenan did subject Plaintiff to unlawful and unwelcome sexual harassment and gender discrimination.

18. Defendant Keenan's gender discrimination, including sexual harassment and sexual abuse, was continuing in nature and was extremely pervasive.

19. Plaintiff did report Keenan's unwelcome and unlawful sexual harassment and gender discrimination to supervisors for Defendants Linbeck, Kennedy & Rossi and Fred Williams, Inc. on several occasions.

20. The Defendants' supervisors were present during several incidents of Keenan's unwelcome and unlawful sexual harassment and gender discrimination, and were aware of Keenan's behavior.

21. Defendant Fred Williams Inc. failed to respond to Plaintiff's complaints of Keenan's unwelcome and unlawful sexual harassment and gender discrimination.

22. Defendant Linbeck, Kennedy & Rossi failed to respond to Plaintiff's complaints of unwelcome and unlawful sexual harassment and gender discrimination.

23. Defendant Fred Williams, Inc. is strictly liable for its employee Keenan's unlawful sexual harassment and sexual abuse of Plaintiff.

24. Defendant Linbeck, Kennedy & Rossi are strictly liable for its employee Keenan's unlawful sexual harassment and sexual abuse of Plaintiff

25. Defendant Fred Williams Inc., is liable for its unlawful failure to respond to Defendant Keenan's sexual harassment, sexual abuse, and sexual discrimination, which Defendant's managers, agents, and employees had witnessed, and of which Defendant Fred Williams Inc. knew or should have known, by Defendant Keenan against Plaintiff.

26. Defendant Linbeck, Kennedy & Rossi is liable for its unlawful failure to respond to Defendant Keenan's sexual harassment, sexual abuse, and sexual discrimination which Defendant's managers, agents, and employees witnessed, and of which Defendant Linbeck, Kennedy & Rossi knew or should have known, by Defendant Keenan against Plaintiff.

27. Defendant Fred Williams, Inc. is liable for its unlawful failure to respond to
Plaintiff's complaints of sexual harassment, sexual abuse, and gender
discrimination by Defendant, Keenan.

28. Defendant Linbeck, Kennedy & Rossi is liable for its unlawful failure to respond
to Plaintiff's complaints of sexual harassment, sexual abuse, and gender
discrimination by Defendant Keenan.

29. From approximately October 29, 2002 up to and including November 13, 2002,
Defendants Linbeck, Kennedy & Rossi and Fred Williams Inc., through their
agent, servant and employee. Defendant Keenan, subjected Plaintiff to a
continuing pattern and practice of gender discrimination, including sexual
harassment and sexual abuse.

30. Defendants Linbeck, Kennedy & Rossi, Fred Williams Inc., and Keenan's sexual
harassment, sexual abuse and gender discrimination included but was not limited
to the following:

    a. various and diverse incidents of sexual harassment;

    b. creation of an environment where sexual abuse, sexual harassment and
    gender discrimination was tolerated;

    c. failure to respond to Plaintiff's complaints of sexual harassment, sexual
    abuse, and gender discrimination;

    d. failure to act while having direct knowledge of sexual harassment, sexual
    abuse, and gender discrimination by an agent, servant or employee against
    an employee;

e. Defendant Keenan's repeated and continual unwelcome sexual advances against Plaintiff;

f. Defendant Keenan's repeated and unwelcome inquiries into plaintiff's personal life; and

g. Defendant Keenan's creation of an abusive environment by verbal and physical conduct of a sexual nature which unreasonably interfered with Plaintiff's employment, creating an intimidating, hostile, humiliating, and sexually offensive environment.

31. Defendants' unwelcome sexual conduct was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's work performance.

32. Defendants' conduct created an intimidating, hostile and offensive working environment.

33. Defendants' unlawful sexual harassment and gender discrimination altered the terms and conditions of Plaintiff's employment.

34. Plaintiff was forced to resign her employment because Defendants' sexual harassment created intolerable working conditions.

35. A reasonable person in Plaintiff's position would have found the working conditions so intolerable that he or she would have been compelled to resign.

36. Plaintiff's resignation was a reasonably foreseeable consequence of Defendants' sexual harassment and abuse.

37. At all times herein relevant, Defendant Fred Williams Inc. had the duty to provide individuals, including Plaintiff, with an equitable, non-discriminatory and sexual harassment-free work environment.

38. At all times herein relevant, Defendant Linbeck, Kennedy & Rossi had the duty to provide individuals, including the Plaintiff, with an equitable, non-discriminatory and sexual harassment-free work environment.

39. Defendant Fred Williams Inc. failed to take adequate steps to prevent and/or remedy gender discrimination and sexual harassment and sexual abuse of Plaintiff, in breach of its duty.

40. Defendant Linbeck, Kennedy & Rossi failed to take adequate steps to prevent and/or remedy gender discrimination and sexual harassment and sexual abuse of Plaintiff, in breach of its duty.

41. At all times relevant to this Complaint, Plaintiff was qualified to perform all duties and responsibilities of her trade and was qualified for employment.

42. On or about May 27, 2003, plaintiff filed a Complaint with the Massachusetts Commission Against Discrimination, which was duly cross-filed with the Equal Employment Opportunity Commission.

43. In the Complaint filed with the Massachusetts Commission Against Discrimination and cross-filed with the Equal Employment Opportunity Commission, Plaintiff alleged that Defendants Linbeck, Kennedy & Rossi, Fred Williams Inc., and Keenan sexually harassed and sexually abused her and subjected her to discrimination on the basis of her gender.

44. Pursuant to its work-sharing agreement with the Equal Employment Opportunity
    Commission, the Massachusetts Commission Against Discrimination investigated
    Plaintiff's Complaint of sexual harassment and gender discrimination against
    Linbeck, Kennedy & Rossi, Fred Williams Inc., and Keenan.

45. On or about March 24, 2005, the Massachusetts Commission Against
    Discrimination granted Plaintiff's request to remove her case as to Fred Williams
    Inc. and James Keenan and to file the instant civil action.

46. On or about March 31, 2005, the Massachusetts Commission against
    Discrimination granted Plaintiff's request to remove her case as to Linbeck,
    Kennedy & Rossi and to file the instant civil action.

47. On or about March 22, 2005, the Equal Employment Opportunity Commission
    issued Plaintiff a Notice of Right to Sue authorizing her to file the instant civil
    action as to Fred Williams and James Keenan.

48. On or about April 27, 2005, the Equal Employment Opportunity Commission
    issued Plaintiff a Notice of Right to Sue authorizing her to file the instant civil
    action as to Linbeck, Kennedy & Rossi.


COUNT I-SEXUAL HARASSMENT IN VIOLATION OF 42 U.S.C. 2000e

LESLIE MACKINNON V. LINBECK, KENNEDY & ROSSI.

49. Plaintiff restates, realleges and incorporates by reference herein allegations 1
    through 54 of this Complaint.

50. Defendant in this Count is Linbeck, Kennedy & Rossi, a corporation duly
    organized and doing business under the laws of the Commonwealth of

Massachusetts, now or formerly having a usual place of business located at One
Macguire Road in Lexington, Massachusetts, which at all times relevant to this
Complaint had more than fifteen employees.

51. Defendant Linbeck, Kennedy, Rossi is an employer as defined by 42 U.S.C.
2000e and Massachusetts General Laws Chapter 151B, Section 1.

52. Defendant's conduct, as alleged in allegations 1 through 54 of Plaintiff's
Complaint, constitutes unlawful sexual harassment, in violation of Title VII of the
Civil Rights Act, 42 U.S.C. 2000e, et seq.

53. Defendant is liable for its failure to respond to its direct knowledge and to
Plaintiff's reports of unlawful, unwelcome sexual harassment and sexual abuse by
its agent, servant or employee.

54. As a direct and proximate result of Defendant's unlawful sexual harassment in
violation of Title VII of the Civil Rights Act, 42 U.S.C. 2000e, et seq., Plaintiff,
Leslie MacKinnon, was rendered disabled from working, has suffered severe
emotional distress, anguish of mind, incurred substantial medical bills, has
required medical care and attention, has incurred substantial loss of wages, and
earning capacity, and has suffered, and will continue to suffer, other damages as
will be shown at the time of trial.

55. Plaintiff complied with the requirement(s) of 42 U.S.C. 2000e-5(e)(1) when she
properly and in a timely manner filed a complaint with the Massachusetts
Commission Against Discrimination, which was cross-filed with the Equal
Employment Opportunity Commission, alleging that Defendant unlawfully
sexually harassed her in the context of her employment.

56. Plaintiff has duly, properly and in a timely manner notified the Equal

Employment Opportunity Commission of her intention to file this Complaint and

to seek relief in this Court.

57. The Equal Employment Opportunity Commission has issued Plaintiff a Notice of

her Right to Sue that authorizes Plaintiff to bring this private civil action against

Defendant.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against

Defendant Linbeck, Kennedy & Rossi and:

> a. Declare that this Defendant's conduct violated Title VII of the Civil
>
> Rights Act, 42 U.S.C. 2000e, et seq.
>
> b. Enjoin this Defendant from subjecting Plaintiff to gender discrimination,
>
> sexual harassment and sexual abuse;
>
> c. Issue a mandatory injunction compelling Defendant to provide training to
>
> its employees, officers, and agents, designed to eliminate, prevent and
>
> reduce sexual harassment and gender discrimination;
>
> d. Award Plaintiff compensatory and punitive damages in an amount of
>
> $500,000.00;
>
> e. Award plaintiff reasonable attorney's fees and statutory interest; and
>
> f. Issue such other relief as the Court deems just and proper.

COUNT II-SEXUAL HARASSMENT IN VIOLATION OF M.G.L. CHAPTER 151B,

SECTION 4

LESLIE MACKINNON V. LINBECK, KENNEDY & ROSSI

58. Plaintiff restates, realleges and incorporates by reference herein allegation 1
through 54 of this Complaint

59. Defendant in this Count, Linbeck, Kennedy & Rossi, is a corporation duly
organized and doing business under the laws of the Commonwealth of
Massachusetts, now or formerly having a usual place of business located at One
Macguire Road in Lexington, Massachusetts, which at all times relevant to this
Complaint had more than fifteen employees.

60. Defendant Linbeck, Kennedy & Rossi is an employer as defined by 42 U.S.C.
2000e and Massachusetts General Laws Chapter 151B, Section 1.

61. Defendant's conduct, as alleged in allegations 1 through 54 of Plaintiff's
Complaint, constitutes unlawful sexual harassment, in violation of Massachusetts
General Laws Chapter 151B, Section 4.

62. Defendant is strictly liable for the unlawful, unwelcome, sexual harassment and
sexual abuse against Plaintiff by its agent, servant, or employee, James Keenan

63. Defendant's conduct as alleged in paragraphs 1 through 54 created a work
environment so impermissibly and unreasonably hostile that Plaintiff was forced
to resign her employment.

64. A reasonable person in plaintiff's position would have found the work environment created by Defendant so unreasonably hostile that she would have resigned.

65. As a direct and proximate result of Defendant's unlawful sexual harassment in violation of Massachusetts General Laws Chapter 151B, Section 4, Plaintiff Leslie MacKinnon, was rendered disabled from working, has suffered severe emotional distress, anguish of mind, incurred substantial medical bills, has required medical care and attention, has incurred substantial loss of wages and earning capacity, and has suffered, and will continue to suffer, other damages as will be shown at the time of trial.

66. Plaintiff complied with the requirement(s) of Massachusetts General Laws Chapter 151B, Section 5 when she properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination alleging that Defendant unlawfully sexually harassed her in the context of her employment.

67. More than ninety days have passed since Plaintiff filed a Complaint of gender discrimination and sexual harassment with the Massachusetts Commission Against Discrimination.

68. The Massachusetts Commission Against Discrimination has allowed Plaintiff's request to remove this matter and file this private civil action.

69. Massachusetts General Laws Chapter 151B, Section 9 authorizes Plaintiff to bring this private civil action against the Defendant.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against
Defendant Linbeck, Kennedy & Rossi and:

   a. Declare that this Defendant's conduct violated Massachusetts General
      Laws Chapter 151B, Section 4, as amended;

   b. Enjoin this Defendant from subjecting Plaintiff to gender discrimination,
      sexual harassment, and sexual abuse;

   c. Issue a mandatory injunction compelling Defendant to provide training to
      its agents, employees, and officers designed to eliminate, prevent and
      reduce sexual harassment and gender discrimination;

   d. Award Plaintiff compensatory and punitive damages in an amount of
      $500,000.00;

   e. Award Plaintiff reasonable attorneys' fees, statutory interest and the costs
      of this action; and

   f. Issue such other relief as the Court deems just and proper.


## COUNT III-SEXUAL HARASSMENT IN VIOLATION OF 42 U.S.C. 2000e
### LESLIE MACKINNON V. FRED WILLIAMS INC.

70. Plaintiff restates, realleges and incorporates by reference herein allegations 1
    through 54 of this Complaint

71. Defendant in this Count is Fred Williams, Inc., a corporation duly organized and
    doing business under the laws of the Commonwealth of Massachusetts, now or
    formerly having a usual place of business located at 1253 Broadway in Saugus,

Massachusetts, which at all times relevant to this Complaint had more than fifteen
employees.

72. Defendant Fred Williams, Inc. is an employer as defined by 42 U.S.C. 2000e and
Massachusetts General Laws Chapter 151B, Section 1.

73. Defendant's conduct, as alleged in allegations 1 through 54 of Plaintiff's
Complaint, constitutes unlawful sexual harassment, in violation of Title VII of the
Civil rights Act, 42 U.S.C. 2000e, et seq.

74. Defendant is liable for its failure to respond to its direct knowledge and to
Plaintiff's reports of unlawful, unwelcome sexual harassment and sexual abuse by
its agent, servant or employee.

75. As a direct and proximate result of Defendant's unlawful sexual harassment in
violation of Title VII of the Civil Rights Act, 42 U.S.C. 2000e, et seq., Plaintiff,
Leslie MacKinnon, was rendered disabled from working, has suffered severe
emotional distress, anguish of mind, incurred substantial medical bills, has
required medical care and attention, has incurred substantial loss of wages and
earning capacity, and has suffered, and will continue to suffer, other damages as
will be shown at the time of trial.

76. Plaintiff complied with the requirement(s) of 42 U.S.C. 2000e-5(e)(1) when she
properly and in a timely manner filed a complaint with the Massachusetts
Commission Against Discrimination, which was cross-filed with the Equal
Employment Opportunity Commission, alleging that Defendant unlawfully
sexually harassed her in the context of her employment.

77. Plaintiff has duly, properly and in a timely manner notified the Equal

Employment Opportunity Commission of her intention to file this Complaint and to seek relief in this Court.

78. The Equal Employment Opportunity Commission has issued Plaintiff a Notice of her Right to Sue that authorizes Plaintiff to bring this private civil action against Defendant.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendant Fred Williams, Inc. and:

   a. Declare that this Defendant's conduct violated Title VII of the Civil Rights Act, 42 U.S.C. 2000e, et seq.;

   b. Enjoin this defendant from subjecting Plaintiff to gender discrimination, sexual harassment and sexual abuse;

   c. Issue a mandatory injunction compelling Defendant to provide training to its employees, officers and agents, deigned to eliminate, prevent and reduce sexual harassment and gender discrimination;

   d. Award Plaintiff compensatory and punitive damages in an amount of $500,000.00;

   e. Award plaintiff reasonable attorneys' fees, statutory interest, and

   f. Issue such other relief as the Court deems just and proper.

COUNT IV- SEXUAL HARASSMENT IN VIOLATION OF M.G.L. CHAPTER 151B,

SECTION 4

LESLIE MACKINNON V. FRED WILLIAMS, INC.

79. Plaintiff restates, realleges and incorporates by reference herein allegations 1
   through 54 of this complaint.

80. Defendant in this Count is Fred Williams Inc., a foreign corporation duly
   organized and doing business under the laws of the Commonwealth of
   Massachusetts, now or formerly having a usual place of business located at 1253
   Broadway in Saugus, Massachusetts, which at all times relevant to this Complaint
   had more than fifteen employees.

81. Defendant Fred Williams Inc. is an employer as defined by 42 U.S.C. 2000e and
   Massachusetts General Laws Chapter 151B, Section 1.

82. Defendant's conduct, as alleged in allegations 1 through 54 of Plaintiff's
   Complaint, constitutes unlawful sexual harassment, in violation of Massachusetts
   General Laws Chapter 151B, Section 4.

83. Defendant is strictly liable for the unlawful, unwelcome, sexual harassment and
   sexual abuse against Plaintiff by its agent, servant or employee, James Keenan.

84. Defendant's conduct as alleged in paragraphs 1 through 54 created a work
   environment so impermissibly and unreasonably hostile that Plaintiff was forced
   to resign her employment.

85. A reasonable person in Plaintiff's position would have found the work
   environment created by Defendant so unreasonably hostile that she would have
   resigned.

86. As a direct and proximate result of Defendant's unlawful sexual harassment in violation of Massachusetts General Laws Chapter 151B, Section 4, plaintiff, Leslie MacKinnon, was rendered disabled from working, has suffered severe emotional distress, anguish of mind, incurred substantial medical bills, has required medical care and attention, has incurred substantial loss of wages and earning capacity, and has suffered, and will continue to suffer, other damages as will be shown at trial.

87. Plaintiff complied with the requirement(s) of Massachusetts General Laws Chapter 151B, Section 5 when she properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination alleging that Defendant unlawfully sexually harassed her in the context of her employment.

88. More than ninety days have passed since Plaintiff filed a Complaint of gender discrimination and sexual harassment with the Massachusetts Commission Against Discrimination.

89. The Massachusetts Commission Against Discrimination has allowed Plaintiff's request to remove this matter and file this private civil action.

90. Massachusetts General Laws Chapter 151B, Section 9 authorizes plaintiff to bring this private civil action against the Defendant.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendant Fred Williams Inc. and:

> a. Declare that this Defendant's conduct violated Massachusetts General Laws Chapter 151B, Section 4, as amended;

b. Enjoin this defendant from subjecting Plaintiff to gender discrimination, sexual harassment, and sexual abuse;

c. Issue a mandatory injunction compelling Defendant to provide training to its agents, employees and officers designed to eliminate, prevent and reduce sexual harassment and gender discrimination;

d. Award Plaintiff compensatory and punitive damages in an amount of $500,000.00;

e. Award plaintiff reasonable attorneys' fees, statutory interest and the costs of this action; and

f. Issue such other relief as the Court deems just and proper.

## COUNT V-SEXUAL HARASSMENT IN VIOLATION OF M.G.L CHAPTER 214,

### SECTION 1C AND M.G.L. c. 151B

### LESLIE MACKINNON V. JAMES J. KEENAN

91. Plaintiff restates, realleges and incorporates by reference herein allegations 1 through 54 of this Complaint

92. Defendant in this Count, James J. Keenan, is an individual, now or formerly with an address at 110 Babcock Street in Quincy, Massachusetts.

93. Defendant's conduct, as alleged in allegations 1 through 42 of Plaintiff's Complaint, constitutes unlawful sexual harassment and sexual abuse in violation of Massachusetts General Laws Chapter 214, Section 1C and M.G.l. c. 151B.

94. Defendant's conduct, as alleged in allegations 1 through 54 of Plaintiff's Complaint, constitutes an unlawful violation of Plaintiff's right to be free from

sexual harassment and sexual abuse in violation of Massachusetts General Laws

Chapter 214, Section 1C and M.G.L. c. 151B.

95. As a direct and proximate result of Defendant's unlawful sexual harassment,

sexual abuse and unlawful violation of Plaintiff's right to be free from sexual

harassment and sexual abuse, secured in Massachusetts General Laws Chapter

214, Section 1C and M.G.L. c. 151B, Plaintiff, Leslie MacKinnon, was rendered

disabled from working, has suffered severe emotional distress, anguish of mind,

incurred substantial medical bills, has required medical care and attention, has

incurred substantial loss of wages and earning capacity, and has suffered, and will

continue to suffer, other damages as will be shown at the time of trial.

96. Plaintiff duly and in a timely manner filed a complaint with the Massachusetts

Commission Against Discrimination alleging that Defendant unlawfully sexually

harassed her and otherwise violated her rights under M.G.L. Chapter 151B,

Section 1, et seq. and M.G.L. Chapter 214, Section 1C, in the context of her

employment.

97. More than ninety days have passed since plaintiff filed a Complaint of gender

discrimination and sexual harassment with the Massachusetts Commission

Against Discrimination.

98. The Massachusetts Commission Against Discrimination has allowed Plaintiff's

request to remove this matter and file this private action.


WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against

Defendant and:

a. Declare that this Defendant's conduct violated Massachusetts General Laws Chapter 214, Section 1C and M.G.L. c. 151B;

b. Enjoin this Defendant from sexually harassing and sexually abusing Plaintiff;

c. Award Plaintiff compensatory and punitive damages, in an amount of $500,000.00

d. Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

e. Issue such other relief as the Court deems just and proper.

## COUNT VI-GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. 2000e

### LESLIE MACKINNON V. LINBECK, KENNEDY & ROSSI

99. Plaintiff restates, realleges and incorporates by reference herein allegations 1 through 54 of this Complaint.

100. Defendant in this Count is Linbeck, Kennedy & Rossi, a corporation duly organized and doing business under the laws of the Commonwealth of Massachusetts, now or formerly having a usual place of business located at One Macguire Road in Lexington, Massachusetts, which at all times relevant to this Complaint had more than fifteen employees.

101. Defendant Linbeck, Kennedy & Rossi is an employer as defined by 42 U.S.C. 2000e and Massachusetts General Laws Chapter 151B, Section 1.

102.    Defendant's conduct, as alleged in allegations 1 through 54 of Plaintiff's

Complaint, constitutes unlawful gender discrimination, in violation of 42 U.S.C.

2000e.

103.    Defendant's conduct as alleged in paragraphs 1 through 54 created a work

environment so impermissibly hostile that Plaintiff was forced to resign her

employment.

104.    A reasonable person in Plaintiff's position would have found the work

environment created by Defendant so unreasonably hostile that she would have

resigned.

105.    Defendant's failure to respond to its direct knowledge of and Plaintiff's

reports of unlawful gender discrimination, including unwelcome, sexual

harassment and sexual abuse by its manager, agent, servant and employee

constitutes unlawful gender discrimination.

106.    As a direct and proximate result of Defendant's unlawful gender

discrimination in violation of 42 U.S.C. 2000e, Plaintiff Leslie MacKinnon was

rendered disabled from working, has suffered severe emotional distress, anguish

of mind, incurred substantial medical bills, has required medical care and

attention, has incurred substantial loss of wages and earning capacity, and has

suffered, and will continue to suffer, other damages as will be shown at the time

of trial.

107.    Plaintiff complied with the requirement(s) of 42 U.S.C. 2000e when she

properly and in a timely manner filed a complaint with the Massachusetts

Commission Against Discrimination, which was duly cross-filed with the Equal

Employment Opportunity Commission, alleging that Defendant unlawfully

discriminated against her on the basis of her gender and subjected her to unlawful

and unwanted sexual harassment and sexual abuse in the context of her

employment.

108.      More than ninety days have passed since Plaintiff filed a Complaint of

gender discrimination and sexual harassment with the Massachusetts Commission

Against Discrimination.

109.      The Equal Employment Opportunity Commission has issued Plaintiff a

Notice of her Right to Sue that authorizes Plaintiff to bring this private civil action

against Defendant.

110.      Massachusetts General Laws Chapter 151B, Section 9 authorizes Plaintiff

to bring this private civil action against this Defendant.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against
Defendant Linbeck, Kennedy & Rossi and:

      a.   Declare that this Defendant's conduct violated 42 U.S.C. 20003;

      b.   Enjoin this Defendant from subjecting Plaintiff to gender discrimination,

          sexual harassment and sexual abuse;

      c.   Issue a mandatory injunction compelling Defendant to provide training to

          its agents, servants, employees and officers to eliminate, prevent and

          reduce gender discrimination;

      d.   Award plaintiff compensatory and punitive damages in an amount of

          $500,000.00;

e. Award plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

f. Issue such other relief as the Court deems just and proper.

## COUNT VII- GENDER DISCRIMINATION IN VIOLATION OF M.G.L. CHAPTER

### 151B, SECTION 4

#### LESLIE MACKINNON V. LINBECK, KENNEDY & ROSSI

111. Plaintiff restates, realleges and incorporates by reference herein allegations 1 through 54 of this Complaint.

112. Defendant in this Count is Linbeck, Kennedy & Rossi, is a corporation, duly organized and doing business under the laws of the Commonwealth of Massachusetts, now or formerly having a usual place of business located at One Macguire Road in Lexington, Massachusetts, which at all times relevant to this Complaint had more than fifteen employees.

113. Defendant Linbeck, Kennedy & Rossi is an employer as defined by 42 U.S.C. 2000e and Massachusetts General Laws 151B, Section 1.

114. Defendant's conduct, as alleged in allegations 1 through 54 of plaintiff's Complaint, constitutes unlawful gender discrimination, in violation of Massachusetts General Laws Chapter 151B, Section 4.

115. Defendant's conduct as alleged in paragraphs 1 through 54 created a work environment so impermissibly hostile that Plaintiff was forced to resign her employment.

116.     A reasonable person in Plaintiff's position would have found the work

environment created by the Defendant so unreasonably hostile that she would

have resigned.

117.     Defendant's failure to respond to its direct knowledge of and Plaintiff's

· reports of unlawful gender discrimination, including unwelcome, sexual

harassment and sexual abuse  by its manager, agent, servant and employee

constituted unreasonable and impermissible gender discrimination, in violation of

42 U.S.C. 2000e.

118.     Defendant is strictly liable for the unlawful gender discrimination,

including unwelcome sexual harassment and sexual abuse of Plaintiff by its

manager, agent servant and employee, James Keenan.

119.     As a direct and proximate result of Defendant's unlawful gender

discrimination in violation of Massachusetts General Laws Chapter 151B, Section

4, Plaintiff Leslie MacKinnon, was rendered disabled from working, has suffered

severe emotional distress, anguish of mind, incurred substantial medical bills, has

required medical care and attention, has incurred substantial loss of wages and

earning capacity, and has suffered, and will continue to suffer, other damages as

will be shown at the time of trial.

120.     Plaintiff complied with the requirement(s) of Massachusetts General Laws

Chapter 151B, Section 5, when she properly and in a timely manner filed a

complaint with the Massachusetts Commission Against Discrimination, alleging

that Defendant unlawfully discriminated against her on the basis of her gender

and subjected her to unlawful and unwanted sexual harassment and sexual abuse

in the context of her employment.

121. More than ninety days have passed since Plaintiff filed a Complaint of

gender discrimination and sexual harassment with the Massachusetts Commission

Against Discrimination.

122. The Massachusetts Commission Against Discrimination has allowed

Plaintiff's request to remove this matter and file this private action.

123. Massachusetts General Laws Chapter 151B, Section 9 authorizes Plaintiff

to bring this private civil action against this Defendant

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against

Defendant Linbeck, Kennedy & Rossi and:

- a. Declare that this Defendant's conduct violated Massachusetts General

  Laws Chapter 151B, Section 4, as amended;

- b. Enjoin this Defendant from subjecting plaintiff to gender discrimination,

  sexual harassment and sexual abuse;

- c. Issue a mandatory injunction compelling Defendant to provide training to

  its agents, servants employees and officers designed to eliminate, prevent

  and reduce gender discrimination;

- d. Award Plaintiff compensatory and punitive damages in the amount of

  $500,000.00;

- e. Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs

  of this action;

f. Issue other relief as the Court deems just and proper.

COUNT VIII- GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. 2000e

LESLIE MACKINNON V. FRED WILLIAMS, INC.

124.    Plaintiff restates, realleges and incorporates by reference herein allegations 1 through 54 of this Complaint.

125.    Defendant in this Count is Fred Williams Inc., a corporation duly organized and doing business under the laws of the Commonwealth of Massachusetts, now or formerly having a usual place of business located at 1253 Broadway in Saugus, Massachusetts, which at all times relevant to this Complaint had more than fifteen employees.

126.    Defendant Fred Williams Inc. is an employer as defined by 42 U.S.C. 2000e and Massachusetts General Laws Chapter 151B, Section 1.

127.    Defendant's conduct, as alleged in allegations 1 through 54 of Plaintiff's Complaint, constitutes unlawful gender discrimination, in violation of 42 U.S.C. 2000e.

128.    Defendant's conduct as alleged in paragraphs 1 through 54 created a work environment so impermissibly hostile that Plaintiff was forced to resign her employment.

129.    A reasonable person in Plaintiff's position would have found the work environment created by Defendant so unreasonably hostile that she would have resigned.

130. Defendants failure to respond to its direct knowledge of and Plaintiff's reports of unlawful gender discrimination, including unwelcome, sexual harassment and sexual abuse by its manager, agent, servant and employee constitutes unlawful gender discrimination.

131. As a direct and proximate result of Defendant's unlawful gender discrimination ion violation of 42 U.S.C. 2000e, Plaintiff Leslie MacKinnon, was rendered disabled from working, has suffered severe emotional distress, anguish of mind, incurred substantial medical bills, has required medical care and attention, has incurred substantial loss of wages and earning capacity, and has suffered, and will continue to suffer, other damages as will be shown at the time of trial.

132. Plaintiff complied with the requirement(s) of 42 U.S.C. 2000e when she properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, which was duly cross-filed with the Equal Employment Opportunity Commission, alleging that Defendant unlawfully discriminated against her on the basis of her gender and subjected her to unlawful and unwanted sexual harassment and sexual abuse in the context of her employment.

133. More than ninety days have passed since Plaintiff filed a Complaint of gender discrimination and sexual harassment with the Commission against Discrimination.

134.    The Equal Employment Opportunity Commission has issued Plaintiff a

Notice of her Right to Sue that authorizes Plaintiff to bring this private civil action

against Defendant.

135.    Massachusetts General Laws Chapter 151B, Section 9 authorizes Plaintiff

to bring this private civil action against this Defendant.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against

Defendant Fred Williams Inc. and:

  a. Declare that this Defendant's conduct violated 42 U.S.C. 2000e;

  b. Enjoin this Defendant from subjecting Plaintiff to gender discrimination,
     sexual harassment and sexual abuse;

  c. Issue a mandatory injunction compelling Defendant to provide training to
     its agents, servants or employees and officers to eliminate, prevent and
     reduce gender discrimination;

  d. Award Plaintiff compensatory and punitive damages in an amount of
     $500,000.00;

  e. Award plaintiff reasonable attorneys' fees, statutory interest, and the costs
     of this action; and

  f. Issue such other relief as the Court deems just and proper.

COUNT IX- GENDER DISCRIMINATION IN VIOLATION OF M.G.L CHAPTER

151B, SECTION 4

LESLIE MACKINNON V. FRED WILLIAMS, INC.

136.     Plaintiff restates, realleges, and incorporates by reference herein
allegations 1 through 54 of this Complaint.

137.     Defendant in this Count is Fred Williams Inc., a foreign corporation duly
organized under the laws of the Commonwealth of Massachusetts, now or
formerly having a usual place of business located at 1253 Broadway in Saugus,
Massachusetts, which at all times relevant to this Complaint had more than fifteen
employees.

138.     Defendant Fred Williams, Inc. is an employer as defined by 42 U.S.C.
2000e and Massachusetts General Laws Chapter 151B, Section 1.

139.     Defendant's conduct, as alleged in allegations 1 through 54 of Plaintiff's
Complaint, constitutes unlawful gender discrimination, in violation of
Massachusetts General Laws Chapter 151B, Section 4.

140.     Defendant's conduct as alleged in paragraphs 1 through 54 created a work
environment so impermissibly hostile that Plaintiff was forced to resign her
employment.

141.     A reasonable person in Plaintiff's position would have found the work
environment created by the Defendant so unreasonably hostile that she would
have resigned.

142.     Defendant's failure to respond to its direct knowledge of and Plaintiff's
reports of unlawful gender discrimination, including unwelcome, sexual

harassment and sexual abuse by its manager, agent, servant and employee
constituted unreasonable and impermissible gender discrimination, in violation of
42 U.S.C. 2000e.

143.    Defendant is strictly liable for the unlawful gender discrimination,
including unwelcome sexual harassment and sexual abuse of Plaintiff by its
manager, agent, servant, and employee, Keenan, who was Plaintiff's direct
supervisor.

144.    As a direct and proximate result of Defendant's unlawful gender
discrimination in violation of Massachusetts General Laws Chapter 151B, Section
4, Plaintiff Leslie MacKinnon, was rendered disabled from working, has suffered
severe emotional distress, anguish of mind, incurred substantial medical bills, has
required medical care and attention, has incurred substantial loss of wages and
earning capacity, and has suffered, and will continue to suffer, other damages as
will be shown at the time of trial.

145.    Plaintiff complied with the requirement(s) of Massachusetts General Laws
Chapter 151B, section 5, when she properly and in a timely manner filed a
complaint with the Massachusetts Commission Against Discrimination, alleging
that Defendant unlawfully discriminated against her on the basis of her gender
and subjected her to unlawful and unwanted sexual harassment and sexual abuse
in the context of her employment.

146.    More than ninety days have passed since Plaintiff filed a Complaint of
gender discrimination and sexual harassment with the Massachusetts Commission
against Discrimination.

147.    The Massachusetts Commission against Discrimination has allowed

Plaintiff's request to remove this matter and file this private action.

48.    Massachusetts General Laws Chapter 151B, Section 9 authorizes Plaintiff
\⸳
᠐ bring this private civil action against this Defendant.
tᵤ

WHEREFᴏᴿE, Plaintiff requests that this Honorable Court enter judgment against

Defendant Fred Williams Inc. and:

a. Declare that this Defendant's conduct violated Massachusetts General

Laws Chapter 151B, Section 4, as amended;

b. Enjoin this Defendant from subjecting Plaintiff to gender discrimination,

sexual harassment and sexual abuse;

c. Issue a mandatory injunction compelling Defendant to provide training to

its agents, employees and officers designed to eliminate, prevent and

reduce gender discrimination;

d. Award Plaintiff compensatory and punitive damages in the amount of

$500,000.00;

e. Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs

of this action; and

f. Issue other relief as the Court deems just and proper.


COUNT X- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

LESLIE MACKINNON V. JAMES KEENAN

149.    Plaintiff restates, realleges and incorporates by reference herein

allegations 1 through 54 of this Complaint.

150.       Defendant in this Count, Keenan, is an individual, now or formerly with an address at 110 Babcock Street in Quincy, Massachusetts.

151.       Defendant, as alleged in allegations 1 through 54 of this Complaint, did intend to inflict emotional distress upon Plaintiff, or knew or should have known that emotional distress was the likely result of his conduct.

152.       Defendant's conduct, as alleged in allegations 1 through 54, was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community

153.       Defendant's actions, as alleged in allegations 1 through 54, was the cause of Plaintiff's emotional distress.

154.       Plaintiff's emotional distress was and is severe and of a nature that no reasonable person could be expected to endure.

155.       As a direct and proximate result of Defendant's intentional infliction of emotional distress, Plaintiff, Leslie MacKinnon, in addition to suffering from severe emotional distress, was rendered disabled from working, has incurred substantial medical bills, has required medical care and attention, has incurred substantial loss of wages and earning capacity, and has suffered, and will continue to suffer, other damages as will be shown at the time of trial.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against the Defendant and:

    a. Award plaintiff compensatory and punitive damages in an amount of $500,000.00;

    b.  Award Plaintiff reasonable attorney's fees, statutory interest, and the costs

        of this action; and

    c.  Issue such other relief as the Court deems just and proper.


COUNT Xl– ASSAULT AND BATTERY V. JAMES KEENAN

156.      The Plaintiff restates, realleges and incorporates by reference herein

paragraphs 1 through 54 of this Complaint

157.      On or about October 29, 2003 and at various times thereafter, the

Defendant in this Count , Keenan, did intentionally commit unlawful and

unwelcome harmful and offensive touchings upon the Plaintiff.

158.      As a direct and proximate result of Defendant Keenan's assault and

battery, the Plaintiff has suffered severe emotional distress, personal injuries,

anguish of mind, has incurred substantial loss of wages, and has suffered, and will

continue to suffer, other damages as will be shown at trial.


WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against the

Defendant and:

    a.  Award plaintiff compensatory and punitive damages in an amount of

        $500,000.00;

    b.  Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs

        of this action; and

    c.  Issue such other relief as the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISUES SO TRIABLE

Plaintiff
By her attorneys

John P. LeGrand
BBO#550185
JOHN P. LEGRAND
& ASSOCIATES, PC
375 Broadway, Suite 2
Somerville, MA 02145
(617) 623-3001

Sol Cohen, Esquire
BBO#630776
COHEN & SALES
43 Thorndike Street
Cambridge, MA 02141
(617) 621-1151

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                          SUPERIOR COURT DEPARTMENT

LESLIE MACKINNON,

               Plaintiff,

    v.

LINBECK, KENNEDY & ROSSI,                               Civil Action No. 05-2009
FRED WILLIAMS, INC. and
JAMES J. KEENAN,

               Defendants.

## **NOTICE OF FILING NOTICE OF REMOVAL**

TO:    THE HONORABLE JUDGES OF THE SUPERIOR COURT

        NOTICE IS HEREBY GIVEN that on the twenty-second day of July, 2005, Defendants

Linbeck, Kennedy & Rossi, Fred Williams, Inc. and James J. Keenan filed a Notice of Removal

of this action in the United States District Court for the District of Massachusetts. A true and

accurate copy of the Notice of Removal so filed is attached hereto as Exhibit 1. Therefore,

Defendants respectfully request that this Court proceed no further in this matter.

## **[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**



Respectfully submitted,

LINBECK, KENNEDY & ROSSI,

By its attorneys,

HOLLAND & KNIGHT LLP

Liam T. O'Connell (BBO #558429)
Maura J. Gerhart (BBO #654695)
Holland & Knight LLP
10 St. James Avenue
Boston, Massachusetts 02116
(617) 523-2700

FRED WILLIAMS, INC.,

By its attorneys,

PROSKAUER ROSE LLP

Mark W. Batten (BBO #566211)
Proskauer Rose LLP
One International Place
Boston, Massachusetts 02110
(617) 526-9850

JAMES J. KEENAN,

James J. Keenan
110 Babcock Street
Quincy, Massachusetts 02169

Date: July 22, 2005

## CERTIFICATE OF SERVICE

I certify that I have caused a true and correct copy of the foregoing Notice of Filing Notice of Removal to be served on the parties listed below via first class mail on this 22nd day of July, 2005:

John P. LeGrand, Esq.
John P. LeGrand & Associates, PC
375 Broadway, Suite 2
Somerville, MA 02145

Sol Cohen, Esq.
Cohen & Sales
43 Thorndike Street
Cambridge, MA 02141

Maura J. Gerhart, Esq.

# 3072418_v1

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LESLIE MACKINNON,

Plaintiff,

v.

LINBECK, KENNEDY & ROSSI,
FRED WILLIAMS, INC. and
JAMES J. KEENAN,

Defendants.

Civil Action No. _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(b) and (c), Defendants Linbeck, Kennedy & Rossi, Fred

Williams, Inc. and James J. Keenan (collectively, "Defendants") hereby remove to this Court the

above-captioned action pending in the Superior Court Department of the Trial Court, Middlesex

County, Massachusetts, Civil Action No. 05-2009 (the "Action"). Removal of this Action is

proper for the following reasons:

## BASIS FOR REMOVAL

1.    Removal of this Action is proper under 28 U.S.C. § 1331 because Plaintiff Leslie

MacKinnon's ("Plaintiff's") Complaint asserts claims against Defendants Linbeck, Kennedy &

Rossi and Fred Williams, Inc. under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e, et seq. – a federal statute. See Complaint at ¶ 52 of Count I, ¶ 72 of Count III, ¶ 102 of

Count VI, and ¶ 127 of Count VIII. These claims therefore arise under the laws of the United

States, as required by 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1441(b) and (c), Defendants

may remove Plaintiff's federal claims, along with any claims based on state law, to this Court.

2.      Defendants have contemporaneously filed the attached Notice of Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d), with the Clerk of the Middlesex Superior Court, and contemporaneously served both Notices on Plaintiff's counsel. The Notice of Filing of Notice of Removal is attached hereto as Exhibit A.

## TIMELINESS OF REMOVAL

3.      This Action was filed by Plaintiff in Middlesex Superior Court on or about June 9, 2005. Defendant Linbeck, Kennedy & Rossi was served with the Summons and Complaint on or about June 23, 2005. Defendant Fred Williams, Inc. was served with the Summons and Complaint on or about July 5, 2005. In accordance with 28 U.S.C. § 1446(a), all process, pleadings and orders entered by Middlesex Superior Court, including a true and accurate copy of the Summons and Complaint, are attached hereto as Exhibit B.

4.      This Notice of Removal is filed with this Court on a timely basis, as required by 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days of the service of Plaintiff's Complaint upon Defendants Linbeck, Kennedy & Rossi and Fred Williams, Inc. Likewise, this Notice is being filed within thirty days of the earliest date Linbeck, Kennedy & Rossi and Fred Williams, Inc. had actual notice of Plaintiff's Complaint and federal claims, as the time of service is the first time either party had possession of and reviewed a copy of Plaintiff's Complaint.

2

**WHEREFORE**, Linbeck, Kennedy & Rossi, Fred Williams, Inc. and James J.

Keenan respectfully request that this Action proceed in this Court as properly removed hereto.

Respectfully submitted,

LINBECK, KENNEDY & ROSSI,

By its attorneys,

HOLLAND & KNIGHT LLP

Liam T. O'Connell (BBO #558429)
Maura J. Gerhart (BBO #654695)
Holland & Knight LLP
10 St. James Avenue
Boston, Massachusetts 02116
(617) 523-2700

FRED WILLIAMS, INC.,

By its attorneys,

PROSKAUER ROSE LLP

Mark W. Batten (BBO #566211)
Proskauer Rose LLP
One International Place
Boston, Massachusetts 02110
(617) 526-9850

JAMES J. KEENAN,

James J. Keenan
110 Babcock Street
Quincy, Massachusetts 02169

Date: July 22, 2005

## **CERTIFICATE OF SERVICE**

I certify that I have caused a true and correct copy of the foregoing Notice of Removal to be served on the parties listed below via first class mail on this 22nd day of July, 2005:

John P. LeGrand, Esq.
John P. LeGrand & Associates, PC
375 Broadway, Suite 2
Somerville, MA 02145

Sol Cohen, Esq.
Cohen & Sales
43 Thorndike Street
Cambridge, MA 02141

Maura J. Gerhart, Esq.

# 3072342_v1

4



## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                        SUPERIOR COURT DEPARTMENT

LESLIE MACKINNON,

               Plaintiff,

      v.

LINBECK, KENNEDY & ROSSI,                              Civil Action No. 05-2009
FRED WILLIAMS, INC. and
JAMES J. KEENAN,

               Defendants.

## NOTICE OF FILING NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE SUPERIOR COURT

      NOTICE IS HEREBY GIVEN that on the twenty-second day of July, 2005, Defendants

Linbeck, Kennedy & Rossi, Fred Williams, Inc. and James J. Keenan filed a Notice of Removal

of this action in the United States District Court for the District of Massachusetts. A true and

accurate copy of the Notice of Removal so filed is attached hereto as Exhibit 1. Therefore,

Defendants respectfully request that this Court proceed no further in this matter.

### [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]



Respectfully submitted,

LINBECK, KENNEDY & ROSSI,

By its attorneys,

HOLLAND & KNIGHT LLP

Liam T. O'Connell (BBO #558429)
Maura J. Gerhart (BBO #654695)
Holland & Knight LLP
10 St. James Avenue
Boston, Massachusetts 02116
(617) 523-2700


FRED WILLIAMS, INC.,

By its attorneys,

PROSKAUER ROSE LLP

Mark Batten (MG)

Mark W. Batten (BBO #566211)
Proskauer Rose LLP
One International Place
Boston, Massachusetts 02110
(617) 526-9850


JAMES J. KEENAN,

James J. Keenan
110 Babcock Street
Quincy, Massachusetts 02169


Date: July 22, 2005

2

## CERTIFICATE OF SERVICE

I certify that I have caused a true and correct copy of the foregoing Notice of Filing Notice of Removal to be served on the parties listed below via first class mail on this 22nd day of July, 2005:

> John P. LeGrand, Esq.
> John P. LeGrand & Associates, PC
> 375 Broadway, Suite 2
> Somerville, MA  02145
>
> Sol Cohen, Esq.
> Cohen & Sales
> 43 Thorndike Street
> Cambridge, MA  02141

Maura J. Gerhart, Esq.

# 3072418_v1

FILED
IN THE OFFICE OF THE
COURTS
MIDDLESEX
JUL 2 2005

3



**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —**
**TORT — MOTOR VEHICLE TORT — CONTRACT —**
**EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05-2009

.......... MIDDLESEX .......... , ss
[seal]

LESLIE MACKINNON
........................................., Plaintiff(s)

v.

LINBECK, KENNEDY & ROSSI,
FRED WILLIAMS, INC. AND
JAMES J. KEENAN ........................, Defendant(s)

Agent or Authorized Representative of:
Linbeck, Kennedy & Rossi
One Macguire Road
Lexington, Massachusetts

A TRUE COPY ATTEST

DEPUTY SHERIFF
Middlesex County

DATE OF SERVICE

**SUMMONS**

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant:

You are hereby summoned and required to serve upon .......... John P. LeGrand ..........

.......... plaintiff's attorney, whose address is 375 Broadway, Suite 2

Somerville, Massachusetts........................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ........................

Cambridge .......... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse** V. DelVecchio, Esquire, at .......... Cambridge ..........

the .......... 9th .......... day of .......... June ..........

...................., in the year of our Lord .......... 2005 ..........

Edward J. Sullivan
**Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

[NATURE OF ACTION INVOLVED:—]
MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS



MIDDLESEX ............ , ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05-2009

LESLIE MACKINNON
........................................ , Plaintiff(s)

v.

LINBECK, KENNEDY & ROSSI,
FRED WILLIAMS, INC. AND
JAMES J. KEENAN ..................... , Defendant(s)

James J. Keenan
110 Babcock Street
Quincy, Massachusetts

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ...... John P. LeGrand, Esquire ......

......................................... plaintiff's attorney, whose address is 375 Broadway, Ste. 2,

Somerville, Massachusetts ........................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .................................

Cambridge
........................................................................ either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Cambridge ...........................................

the ............ 9th ............................ day of June .........................................

......................., in the year of our Lord ...... 2005 ...........................

A TRUE COPY ATTEST:

DEPUTY SHERIFF
DATE 6/15/05

Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FRM NO. SUP. — 001

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05-2009

MIDDLESEX ............ , ss
[seal]



Leslie MacKinnon
.................................. , Plaintiff(s)

Linbeck, Kennedy & Rossi
Fred Williams, Inc. and
James I. Keenan .......... , Defendant(s)

Agent or Authorized Representative of:
Fred Williams, Inc.
20 Scanlon Drive
Randolph, MA 02368

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon John P. LeGrand, Esquire ............

............................................ plaintiff's attorney, whose address is 375 Broadway, Suite 2

Somerville, MA 02145 ................................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ..................................

..... Cambridge ........................................, either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at     Somerville

the 27th ........................................ day of June

.................. in the year of our Lord .......... 2005

/s/ TRUE COPY ATTEST:

DEPUTY SHERIFF

DATE 7-5-05

Edward J. Sullivan

Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## MICV2005-02009
## MacKinnon v Linbeck, Kennedy & Rossi et al

| File Date | 06/08/2005 | Status | Needs review for service (acneserv) | | | |
|---|---|---|---|---|---|---|
| Status Date | 06/08/2005 | Session | C - Cv C (11A Cambridge) | | | |
| Origin | 1 | Case Type | B22 - Employment Discrimination | | | |
| Lead Case | | Track | F | | | |

| Service | 09/06/2005 | Answer | 11/05/2005 | Rule12/19/20 | 11/05/2005 |
|---|---|---|---|---|---|
| Rule 15 | 11/05/2005 | Discovery | 04/04/2006 | Rule 56 | 05/04/2006 |
| Final PTC | 06/03/2006 | Disposition 08/02/2006 | | Jury Trial | Yes |

**Plaintiff**
Leslie MacKinnon
10 Bicknell Terrace
Active 06/08/2005

**Private Counsel 550185**
John P LeGrand
LeGrand & Associates
375 Broadway
Suite 2
Somerville, MA 02145
Phone: 617-623-3001
Fax: 617-623-0101
Active 06/08/2005 Notify

**Defendant**
Linbeck, Kennedy & Rossi
One Macquire Road
Served: 06/22/2005
Served (answr pending) 06/22/2005

**Defendant**
Fred Williams, Inc.
20 Scanlon Drive
Service pending 06/08/2005

**Defendant**
James J. Keenan
110 Babcock Street
Served: 06/13/2005
Served (answr pending) 06/13/2005

| Date | Paper | Text |
|---|---|---|
| 06/08/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 06/08/2005 | | Origin 1, Type B22, Track F. |
| 06/28/2005 | 2.0 | SERVICE RETURNED: James J. Keenan(Defendant), 6/13/05, L&U, 110 |

MAS-20041213
coleman

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

08/01/2005
02:11 PM

## MICV2005-02009
## MacKinnon v Linbeck, Kennedy & Rossi et al

| Date | Paper | Text |
|------|-------|------|
|  | 2.0 | Babcock St, Quincy, MA |
| 06/28/2005 | 3.0 | SERVICE RETURNED: Linbeck, Kennedy & Rossi(Defendant), 6/22/05, in |
|  |  | hand to Michelle Zona, agent, 1 Macguire Rd, Lexington, MA |
| 06/28/2005 | 4.0 | Court received a letter from James J Keenan, defendant. (Position |
|  |  | Statement). |

James J. Keenan
110 Babcock Street
Quincy, MA 02169



June 21, 2005

Clerk's Office - Civil
Middlesex Superior Court
40 Thorndike Street
Cambridge, MA 02141

RE:    Leslie MacKinnon v. Linbeck, Kennedy & Rossi, Fred Williams, Inc., and James J.
       Keenan
       C.A. No.: 05-2009

Dear Sir/Madam:

Please consider this letter my Position Statement. I understand from reviewing Ms.
MacKinnon's Complaint dated June 9, 2005 that she claims that I sexually harassed her
continuously while we were both working at a job site in Cambridge, MA between
October 29, 2002 through November 13, 2002.

I deny her allegations in their entirety. I was recently acquitted by a jury of six people in the
Cambridge District Court, No. 0352CR3239, in December, 2005, of the charges of criminal
harassment, assault & battery, and assault emanating from the wrongful, false allegations made
by Ms. MacKinnon that are summarized in her complaint.

Ms. MacKinnon and Officer Michael Regal testified in the criminal trial for the Commonwealth.
I testified in my own defense as did my supervisor at the time, Francis X. Gately as well as
Union Official William C. Henry, and co-worker Raymond F. Hennessey. I understand that the
criminal trial was audiotaped and that those tapes can be ordered and then transcribed, if
necessary.

I will indicate the true and accurate facts from my recollection as well as what I remember from
the testimony of some of the other witnesses.

I was working as a pipefitter at 770 Memorial Drive, Cambridge, MA in late October, 2002. On
or about the morning of October 29, 2002, I was leaving the bathroom and attempted to pass
down a rather narrow walking in which Ms. MacKinnon was doing dry wall work with a cart full
of tools. I could not go through that area without climbing over Ms. MacKinnon. Instead, I was
waiting for her to get up from her position and let me pass.

BOS1503506.1

Middlesex Superior Court
June 21, 2005
Page 2 of 3

While I waited for her to pass, she said words to the effect of "Get your balls out of my face."
Ms. MacKinnon admitted saying those words to me at the criminal trial. I was surprised at her
reaction since I had not done anything to her except wait for a convenient time to pass.

I was upset at her unprovoked nastiness but I walked away. I spotted my supervisor, Mr. Gately,
and walked up to him and reported what happened. Ms. MacKinnon was close by and within
eye sight. He basically told me to ignore her, which I did. I went on my way.

Later that morning, I was waiting in line to get to the coffee truck. Mr. Hennessey and
Mr. Gately were nearby. Ms. MacKinnon approached me as I stood there with a number of other
people also nearby. She demanded to know why I had approached my supervisor. I told her to
get away from me and I refused to speak to her.

Ms. MacKinnon's allegations related to alleged sexual comments and spitting are false. The
situation occurred as I stated in the previous four paragraphs.

Ms. MacKinnon also testified that I continually harassed her just about every working day during
that period and that she made a "walk in" complaint to the Cambridge Police Department about
my "conduct" sometime during that time period but that the police could not help her because
she did not know my name. There is no record of her supposed complaint to the Cambridge
Police Department even though Officer Regal testified that the standard operating procedure for
the Cambridge Police Department at that time was to have an officer document such walk-in
complaints.

She also testified that she never went back to the Cambridge Police Department during that time
frame during lunch hours or breaks to potentially have an officer dispatched to confront me and
find out my name. She testified that she had a cell phone at that time and never called the
Cambridge Police Department to have an officer dispatched to confront me and ask for
identification.

She even testified that there were times when I was working all day on the roof during this
period yet even while I was on the roof she made no attempt to contact the Cambridge Police
Department to have the police unnoticed come to the site and confront me or investigate to find
out who I was. She took none of those actions even though she was supposedly frightened at my
alleged continuing harassment. She did not take those actions because I never harassed her not
spat at her.

I believe she made these false allegations against me to retaliate because she believed that I had
reported her misconduct to my supervisor. I also believe that she made these false allegations
against me as a "counterattack", a way to protect herself (in her mind) from my report of the "get
your balls out of my face" incident to a supervisor. I also believe that once she got laid off from
the job, she decided to later begin this action against the companies. She never added me to the
complaint until recently. I believe that is because my criminal defense attorney made a specific

Middlesex Superior Court
June 21, 2005
Page 3 of 3

point to the jury of the fact that she continued this complaint against the companies without
adding me long after she knew my identity because the companies had deep pockets.

I did not do the things that she has accused me of doing. Please give this Position Statement
serious consideration.

I sign this document under the pains and penalties of perjury based upon my recollection of
events, knowledge, information and belief.

Very truly yours,

James J. Keenan

JJK:tkv

cc: John P. LeGrand, Esq.

**TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

3

........MIDDLESEX............. , ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05-2009

LESLIE MACKINNON

............................................. , Plaintiff(s)

LINBECK, KENNEDY & ROSSI,
FRED WILLIAMS, INC. AND
JAMES J. KEENAN........................ , Defendant(s)

Agent or Authorized Representative of:
Linbeck, Kennedy & Rossi
One Macguire Road
Lexington, Massachusetts          **SUMMONS**

To the above-named Defendant:

You are hereby summoned and required to serve upon ........John P. LeGrand...........................

.................................................. plaintiff's attorney, whose address is 375 Broadway, Suite 2

Somerville, Massachusetts........................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...................................
Cambridge
................................................................ either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse** ............io, Esquire, at .......Cambridge.....................................

the .............9th........................ day of .....June.............................................

....................., in the year of our Lord .......2005.............................. .

FILED
........ OF MIDDLESEX
JUN 28 2005

_(signature)_
**Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.



**Middlesex Sheriff's Office** • Civil Process Division, P.O. Box 410180, Cambridge, MA 02141-1819 • (617) 547-1171

*Middlesex, ss.*

June 24, 2005

I hereby certify and return that on 6/22/2005 at 10:25AM I served a true and attested copy of the SUMMONS, COMPLAINT, STATEMENT OF DAMAGES in this action in the following manner: To wit, by delivering in hand to MICHELLE ZONA, agent, person in charge at the time of service for LINBECK, KENNEDY & ROSSI, at, ONE MACGUIRE Road, LEXINGTON, MA. Attest ($5.00), Basic Service Fee ($30.00), Conveyance ($3.00), Postage and Handling ($1.00), Travel ($6.40) Total Charges $45.40

*Deputy Sheriff*

............................................................................................................................

**N.B. TO PROCESS SERVER:**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX**
**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( .................................................................................. )
( .................................................................. )
( .................................................................. )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ....., ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05-2009

LESLIE MACKINNON ............, Plff.

v.

LINBECK, KENNEDY & ROSSI
FRED WILLIAMS, INC. AND
JAMES J. KEENAN ............, Deft.

SUMMONS
(Mass. R. Civ. P. 4)

OS0206/4

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —**
**TORT — MOTOR VEHICLE TORT — CONTRACT —**
**EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

............MIDDLESEX............ , ss
[seal]

*2*

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05-2009

LESLIE MACKINNON
............................................. , Plaintiff(s)

v.

LINBECK, KENNEDY & ROSSI,
FRED WILLIAMS, INC. AND
JAMES J. KEENAN ................. , Defendant(s)

James J. Keenan
110 Babcock Street
Quincy, Massachusetts

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon .........John P. LeGrand, Esquire.........

.............................................. plaintiff's attorney, whose address is .375. Broadway, Ste. 2.

Somerville, Massachusetts..........................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .....................................
Cambridge
.......................................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse** .......io, Esquire, at ....Cambridge.........................................

the ................9th................................... day of ......June.........................................

..................in the year of our Lord ......2005........................... .

FILED
IN THE OFFICE
CLERK OF COUNTY
FOR THE COUNTY OF ....SEX

JUN 28 2005

*Edward J Sullivan*
**Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.



**Norfolk County Sheriff's Department**   P.O. Box 859215 Braintree, MA 02185-9215 / Tel. # (781) 326-1787
*Norfolk, ss.*                                                                June 20, 2005

I hereby certify and return that on 6/13/2005 at 10:19AM I served a true and attested copy of the summons and complaint in this action in the following manner: To wit, by leaving at the last and usual place of abode of James J. Keenan, 110 Babcock Street Quincy MA . Basic Service Fee ($20.00), Copies-Attestation ($5.00), Conveyance ($1.50), Postage and Handling ($1.00), Travel ($5.76) Total Charges $33.26

Deputy Sheriff Ronald Goguen

*Deputy Sheriff*

Dated: ................................................................

**N.B.  TO PROCESS SERVER:**
        **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX**
        **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( ........................................................................ )
( ........................................................................ )
( ........................................................................ )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ........ ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05-2009

LESLIE MACKINNON

........................................ Plff.

LINBECK, KENNEDY & ROSSI
FRED WILLIMAS, INC. AND
JAMES J. KEENAN ........ Deft.

SUMMONS
(Mass. R. Civ. P. 4)

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET# **MICV2005-02009-C**

RE:    **MacKinnon v Linbeck, Kennedy & Rossi et al**

TO: John P LeGrand, Esquire
LeGrand & Associates
375 Broadway
Suite 2
Somerville, MA 02145

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court
Standing Order 1-88. The order requires that the various stages of litigation described
below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 09/06/2005 |
| Response to the complaint filed (also see MRCP 12) | 11/05/2005 |
| All motions under MRCP 12, 19, and 20 filed | 11/05/2005 |
| All motions under MRCP 15 filed | 11/05/2005 |
| All discovery requests and depositions completed | 04/04/2006 |
| All motions under MRCP 56 served and heard | 05/04/2006 |
| Final pre-trial conference held and firm trial date set | 06/03/2006 |
| Case disposed | 08/02/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**.  You will be
notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline
for filing return of service.**
This case is assigned to session **C** sitting in **Rm 11A (Cambridge) at Middlesex Superior
Court.**

Dated: 06/14/2005                                                    Edward J. Sullivan
Clerk of the Courts
BY: Arthur DeGuglielmo
Assistant Clerk

Location: Rm 11A (Cambridge)
Telephone: 617-494-4010 EXT 4291

cvdtracf_2.wpd 2743855 inidoc01 dipacee

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: Middlesex | Docket Number<br>05-2009 |
|---|---|---|

| PLAINTIFF(S)<br>    Leslie MacKinnon | DEFENDANT(S) Linbeck, Kennedy & Ross<br>Fred Williams, Inc. and<br>James J. Keenan |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>    John P. LeGrand (617) 623-3001<br>    375 Broadway, Suite 2 somerville,MA 02145<br>Board of Bar Overseers number: BBO#550185 | ATTORNEY (if known) |

Origin code and track designation

Place an x in one box only:
[ X ] 1. F01 Original Complaint
[   ] 2. F02 Removal to Sup.Ct. c. 231, s.104
        (Before trial)                              (F)
[   ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[   ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[   ] 5. F05 Reactivated after rescript;relief from judgment/
        Order (Mass.R.Civ.P. 60)                                    (X)
[   ] 6. E10 Summary Process Appeal                                 (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)
CODE NO.        TYPE OF ACTION (specify)      TRACK        IS THIS A JURY CASE?

B22    Employment Discrimination       (F)        (X) Yes    ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)
A.  Documented medical expenses to date:
    1.  Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . .   $. . . . . . . . . . . . . . .
    2.  Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . .   $15,000.00+
    3.  Total chiropractic expenses . . . . . . . . . . . . . . . . . . . .   $. . . . . . . . . . . . . . .
    4.  Total physical therapy expenses . . . . . . . . . . . . . . . . .   $. . . . . . . . . . . . . . .
    5.  Total other expenses (describe) . . . . . . . . . . . . . . . . .   $. . . . . . . . . . . . . . .
                                                                            Subtotal  $20,000.00+
B.  Documented lost wages and compensation to date . . . . . . . . . . . . . . .   $. . . . . . . . . . . . . . .
C.  Documented property damages to date . . . . . . . . . . . . . . . . . . . . . .   $. . . . . . . . . . . . . . .
D.  Reasonably anticipated future medical and hospital expenses . . . . . . . .   $15,000.00+
E.  Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . .   $60,000.00+
F.  Other documented items of damages (describe)
                                                                            $. . . . . . . . . . . . . . .
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

                Plaintiff has sustained peronal injuries and
                economic damages as a result of the sexual
                harassment, gender discrimination and                    TOTAL: $. . . . . . . . . .
                assault and battery committed by the Defendants

                their agents CONTRACT CLAIMS or employees
                (Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                              TOTAL    $. . . . . . . . . . . . . . .

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX
JUN 0 3 2005
Edward J. Sullivan
CLERK

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
            None

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____John P LeG_____    DATE: 6/8/05

A.O.S.C. 2003

# JOHN P. LEGRAND & ASSOCIATES, P.C.
## ATTORNEYS AT LAW & PROCTORS IN ADMIRALTY

**JOHN P. LEGRAND**

**OF COUNSEL:**
**ERIC STAFFORD**
**CLARENCE V. LABONTE, III**

June 8, 2005

Clerk of Courts
Middlesex Superior Court
40 Thorndike Street
Cambridge, MA 02141

**WINTER HILL**
**375 BROADWAY, SUITE 2**
**SOMERVILLE, MA 02145**
**(617) 623-3001**
**FAX: (617) 623-0101**
**E-MAIL ADDRESS:**
**LEGRANDLAW@AOL.COM**



05-2009

RE: Leslie Mackinnon v. Linbeck, Ken~~~~~~~~~ & Rossi, Fred Williams Inc. and James J. Keenan
C.A. No.:

Dear Sir/Madam:

In reference to the above captioned matter, enclosed for filing please find Original Complaint, Civil Action Cover Sheet, Docket Card, and a check in the amount of two hundred seventy five ($275.00) dollars.

Kindly stamp Docket Card with the appropriate docket number and return same to our office at your earliest opportunity.

Thank you for your attention to this matter. Please do not hesitate to contact me if you have any questions or concerns

Very truly yours

John P. LeGrand

Encls.