UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LESLIE MACKINNON, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action No. 05-11555-JLT |
| LINBECK, KENNEDY & ROSSI, FRED WILLIAMS, INC., and JAMES J. KEENAN, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT FRED WILLIAMS, INC.'S INITIAL DISCLOSURES**

Defendant, Fred Williams, Inc. ("Fred Williams" or "Defendant"), hereby makes the following initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.2.  Fred Williams bases the following disclosures on information currently and reasonably available to it.  Fred Williams reserves the right to supplement these disclosures, as necessary, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, and to rely on the testimony of any person it subsequently identifies as having knowledge relevant to this dispute.

**I.     The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims and defenses, unless solely for impeachment, identifying the subjects of information:**

Based on current knowledge, information, and belief, Fred Williams identifies the following individuals who may have discoverable information

concerning disputed facts relevant to Fred Williams's claims and defenses at this time. The addresses given are the last known addresses available to Fred Williams, but may not be current or accurate:

| Individuals | Subjects |
|---|---|
| Leslie MacKinnon<br>10 Bicknell Terrace<br>Lawrence, Massachusetts | All matters described in the Complaint and Answer |
| James J. Keenan<br>110 Babcock Street<br>Quincy, Massachusetts | All matters described in the Complaint and Answer |
| Tim Manning<br>Vice President, Project Manager<br>Fred Williams, Inc.<br>20 Scanlon Drive<br>Randolph, Massachusetts 02368 | Matters involving Fred Williams and its knowledge of and response to Plaintiff's allegations. |
| William Henry<br>Outside Supervisor - Pipefitter<br>Fred Williams, Inc.<br>20 Scanlon Drive<br>Randolph, Massachusetts 02368 | Alleged incidents at the job site and interaction between Keenan and Plaintiff; as well as Fred Williams's knowledge of and response to Plaintiff's allegations. |
| Francis Gately<br>Foreman – Pipefitter<br>Fred Williams, Inc.<br>20 Scanlon Drive<br>Randolph, Massachusetts 02368 | Alleged incidents at the job site and interaction between Keenan and Plaintiff; as well as Fred Williams's knowledge of and response to Plaintiff's allegations. |
| Raymond Hennessey<br>Journeyman Pipefitter<br>Fred Williams, Inc.<br>20 Scanlon Drive<br>Randolph, Massachusetts 02368 | Alleged incidents at the job site and interaction between Keenan and Plaintiff; as well as Fred Williams's knowledge of and response to Plaintiff's allegations. |

| Individuals | Subjects |
|---|---|
| William Moore<br>Project Superintendent<br>Linbeck, Kennedy & Rossi<br>One Macguire Road<br>Lexington, Massachusetts | Alleged incidents at the job site involving Plaintiff, as well as Fred Williams's knowledge of and response to same. |
| Jeff Sullivan<br>Plaintiff's Union Business Agent | Alleged incidents at the job site involving Plaintiff and her reporting of same, as well as Fred Williams's knowledge of and response to same. |
| Jake LaRochelle<br>Foreman<br>Sweeney Dry Wall | Alleged incidents at the job site involving Plaintiff and her reporting of same, as well as Fred Williams's knowledge of and response to same. |

II. **A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings.**

Based on current knowledge, information, and belief, Fred Williams has identified the following documents, data compilations, or tangible things in its possession that may be relevant to disputed facts in this action at this time:

    A    Time cards or payroll records reflecting Keenan's transfer off of the Memorial Drive, Cambridge worksite in November 2002.

III. **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

Fred Williams currently does not seek damages in this action.

IV. **Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the**

3

**judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

No insurance agreement exists to cover the claims asserted by the plaintiff against Fred Williams in this action.

In addition to the above disclosures, Defendant Fred Williams, Inc. further states, pursuant to the Court's Order regarding discovery entered on August 29, 2005, that at present, Fred Williams only intends to depose Plaintiff Leslie MacKinnon in this matter.

| |
|---|
| Respectfully submitted, |
| |
| FRED WILLIAMS, INC. |
| |
| By its attorneys, |
| |
| |
| /s/Eben A. Krim_____ |
| Mark W. Batten, BBO #566211 |
| Eben A. Krim, BBO # 652506 |
| Proskauer Rose LLP |
| One International Place |
| Boston, MA 02110 |
| (617) 526-9850 |

Dated: September 19, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record, by first-class mail, postage paid, this 19th day of September, 2005.

/s/Eben A. Krim_____
Eben A. Krim