UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LESLIE MACKINNON,<br><br>       Plaintiff,<br><br>  v.<br><br>LINBECK, KENNEDY & ROSSI,<br>FRED WILLIAMS, INC. and<br>JAMES J. KEENAN,<br><br>       Defendants. | Civil Action No. 05-11555 JLT |

**JOINT PRE-TRIAL MEMORANDUM OF THE PLAINTIFF, DEFENDANTS FRED WILLIAMS, INC. AND LINBECK, KENNEDY & ROSSI, AND DEFENDANT JAMES J. KEENAN**

1. <u>Summary of the evidence</u>

<u>Plaintiff</u>

  The plaintiff, Leslie MacKinnon, is a single adult woman who has worked in the construction industry as a taper for approximately sixteen years, during which time she has been a member of the Painters & Allied Trades Union, District 35. The plaintiff expects the evidence to show that while working for a subcontractor, Sweeney Dry Wall, in the fall of 2002 at a construction site in Cambridge, she was sexually harassed and assaulted by defendant James Keenan. At the time, Mr. Keenan was employed as a pipe fitter for defendant Fred Williams, Inc., another subcontractor on the job site. The evidence will further show that Fred Williams, Inc. and defendant Linbeck, Kennedy & Rossi, the general contractor for the construction project, aided and abetted Mr. Keenan in his harassment, hid his identity from Ms. MacKinnon, and completely failed to remedy or address the harassment once being notified of it.

On October 29, 2002, Mr. Keenan approached Ms. MacKinnon as she worked. Ms. MacKinnon asked Keenan to walk around the hallway so that she may complete her task. He refused. Finally, Ms. MacKinnon made an off color remark to Mr. Keenan out of frustration. From that point, Mr. Keenan engaged in a two week period of physical intimidation, threats, assault and battery, and vile sexual harassment against Ms. MacKinnon.

Mr. Keenan's harassment of the plaintiff included repeated use of the most vile, sexually degrading, humiliating and gender based curses available; suggestions that she engage in violent, disgusting sexual acts; physically intimidating and threatening conduct; and spitting on the plaintiff. These acts occurred regularly for a period of approximately two weeks. Some of the acts occurred directly in front of management for Defendant Fred Williams, Inc. The plaintiff reported the acts to her supervisor, to her union, and to management for Defendant Linbeck, Kennedy & Rossi. Although her union and her supervisor attempted to obtain the identity of the perpetrator (which was unknown to Ms. MacKinnon at the time), they were unsuccessful. Fred Williams, Inc. and Linbeck, Kennedy & Rossi did nothing to respond to or remedy the harassment.

Finally, on November 13, 2002, the various parties, with the exception of Keenan, met with Ms. MacKinnon. They informed her that both her and the perpetrator would be moved to different job sites.

The Cambridge Police investigated Ms. MacKinnon's complaints and found them sufficiently credible to refer the matter to the District Attorney's Office for prosecution. The defendant Keenan was charged with assault and battery and criminal harassment. Mr. Keenan and several of his co-workers met with Mr. Keenan's criminal defense attorney prior to the trial

on those charges.  Their testimony at trial was, in several material respects, largely inconsistent with evidence and testimony given in depositions in this case.

Mr. Keenan's, Fred Williams, Inc. and Linbeck, Kennedy & Rossi's conduct placed Ms. MacKinnon in great fear for her personal safety, and was utterly humiliating and degrading.  Ms. MacKinnon has endured ongoing emotional distress as a result.  Mary Byrne, Ms. MacKinnon's social worker, will testify as to Ms. MacKinnon's reports of what occurred, her emotional state, her symptoms, and Ms. Byrne's diagnosis.

Defendants Fred Williams, Inc. and Linbeck, Kennedy & Rossi

Linbeck, Kennedy & Rossi ("Linbeck") is a national construction management firm which, in 2002, served as the general contractor for a building construction job at 780 Memorial Drive in Cambridge, Massachusetts.  Fred Williams, Inc. ("Fred Williams") is a mechanical contractor based in Randolph, Massachusetts that specializes in heating and air conditioning work and served as a subcontractor on the 780 Memorial Drive job described above.  Among the various other subcontractors on that same job was Sweeney Dry Wall.

Defendants Fred Williams and Linbeck expect the evidence to show that in late October, 2002, two of the workers on the 780 Memorial Drive site – James Keenan and Leslie MacKinnon -  had a verbal confrontation on the job.  At the time, Keenan was working as a pipefitter for Fred Williams and MacKinnon was working as a taper for Sweeney Dry Wall. Early one morning, MacKinnon was performing dry wall work in a narrow hallway by the bathroom when Keenan came out of the bathroom and attempted to pass her.  Because MacKinnon was squatting in the small space with her tools, Keenan was not able to get by her and was waiting for her to move.  Rather than allow him to pass, however, MacKinnon

3

maintained her squat, looked up at Keenan, and said in frustration, "get your fucking balls out of my face." Keenan, taken aback by the hostile tone of her remark, fired back at MacKinnon with some colorful language of his own before passing by. Almost immediately upon returning to his work area, Keenan informed his foreman, Francis Gately, about his exchange of words with Ms. MacKinnon.

Shortly after the above incident, both MacKinnon and Keenan were waiting in line at the coffee truck during a break. There were many other workers in line as well, and several were positioned between Keenan and MacKinnon. After MacKinnon finished paying for her items, she approached Keenan and asked him what he had told his foreman about their run-in earlier that morning. Keenan declined to answer her and instead asked her to "get away from [him]." Several other Fred Williams employees were in the vicinity during this interaction and observed the conversation.

Later that same afternoon, after several Fred Williams employees including James Keenan had passed by her without incident, Ms. MacKinnon stated to Francis Gately as he walked by that he should "get [Keenan] laid."

The was the sum total of the interaction between Ms. MacKinnon and Mr. Keenan on the jobsite. Believing the incidents to be nothing more than a spat between workers on the construction site (apparently a common occurrence), Gately did not report them to his superiors at Fred Williams.

On November 13, 2002, Tim Manning, Fred Williams' Vice President and Project Manager, received a telephone call from Bill Moore, Linbeck's manager in charge of the Memorial Drive jobsite, asking him to come to the jobsite to discuss an issue with a Fred Williams employee. This was the first Manning had heard of the matter, and he went to the

jobsite to meet with Moore as requested.  At the meeting, which MacKinnon, Manning, Moore, MacKinnon's union agent, and several others attended, it was decided that both Keenan and MacKinnon would be transferred to different jobsites to avoid any future conflicts.  MacKinnon was explicitly asked whether she would be satisfied with the transfer from the site as a resolution of the matter and, after receiving assurances that she would be able to find work at another site without missing any time, both MacKinnon and her union agent agreed to the resolution.  Following the meeting, both Keenan and MacKinnon were transferred off of the job, and none of the defendants heard anything further about the dispute until MacKinnon filed her complaint with the MCAD.

Defendant James J. Keenan

I James J. Keenan have been a member of Pipefitters Local 537 Boston since 1991.  I did in fact work for Fred Williams, Inc. as a pipefitter from approximately 1997 until October of 2004.  During the months of October and November 2002, I worked for Fred Williams on a jobsite located at 780 Memorial Drive in Cambridge, Massachusetts.

I expect the evidence to show that there were not any assaults nor harassment, but a one-sided confrontation and the instigator of this confrontation was the plaintiff, Ms. Leslie MacKinnon.

On the morning of October 29, 2002 after I had exited the men's room, I came upon Ms. MacKinnon.  She was working in the corridor from where the entrance to the men's room door was located.  As I approached Ms. MacKinnon, I noticed she had her baker staging located behind her and I could not at that moment pass through.  I expected Ms. MacKinnon would finish taping the sheetrock joint that she was working on within a few seconds, and then she

would let me pass. As I expected Ms. MacKinnon finished up pretty quickly and when she stood up from her crouched position, I walked toward the space between Ms. MacKinnon and her staging. When I attempted to pass Ms. MacKinnon quickly and deliberately dropped back down to her crouched position. It was at this time Ms. MacKinnon told me to "get your fucking balls out of my face". Although I was shocked at her comment I made no response and I expect the evidence to show Ms. MacKinnon made this humiliating comment to me, the very first time our paths crossed without me uttering one word.

    Also on October 29, later on that morning, Ms. MacKinnon alleges that while in line at a canteen truck in front of several people, that I spit on her. Witnesses Fran Gately and Ray Hennessey who were in line with me have testified in court that, that alleged incident never took place. Ms. MacKinnon also alleges that every working day from October 30 till November 13 (with the exception of November 7 and November 8 when I was allegedly working on the roof) that I sought her out and harassed and intimated her. I deny those allegations in their entirety,

2.    <u>Established Facts</u>

1)    During the period from October 29, 2002 to November 13, 2002, the plaintiff was an employee of Sweeney Dry Wall and worked at a construction site at 780 Memorial Drive, Cambridge, Massachusetts.

2)    During the period from October 29, 2002 to November 13, 2002, the defendant James Keenan was an employee of Fred Williams, Inc. and worked at the construction site at 780 Memorial Drive, Cambridge, Massachusetts.

5508/27615-001 Current/8775736v4    09/11/2006 11:40 AM

3)   During the period from October 29, 2002 to November 13, 2002, the defendant Linbeck Kennedy & Rossi was the general contractor at the construction site at 780 Memorial Drive, Cambridge, Massachusetts.

4)   During the period from October 29, 2002 to November 13, 2002, the defendant Fred Williams was a subcontractor at the construction site at 780 Memorial Drive, Cambridge, Massachusetts.

5)   During the period from October 29, 2002 to November 13, 2002, Sweeney Dry Wall was a subcontractor at the construction site at 780 Memorial Drive, Cambridge, Massachusetts.

6)   On November 13, 2002, both James Keenan and Leslie MacKinnon were transferred to new job sites.

7) Ms. MacKinnon began working at another job for comparable pay on November __, 2002.

8) Ms. MacKinnon filed a charge of sexual harassment with the Massachusetts Commission Against Discrimination against defendants Linbeck Kennedy & Rossi and Fred Williams, Inc. on May 27, 2003 and was cross filed with the Equal Opportunity Employment Commission. The charge was later amended to name James Keenan as an additional respondent.

3.   Contested Facts

The parties contest virtually all material facts related to the plaintiff's claims and her allegations of sexual harassment and assault and battery, and as to the defendants' defenses. The defendants dispute that Mr. Keenan said or did anything sexually harassing to Ms. MacKinnon, or that he assaulted her. The defendants further dispute that they did anything to aid Mr. Keenan, or that they failed to adequately respond to the plaintiff's report of harassment once they became aware of it.

4.     Jurisdictional Issues

None.

5.     Pending Motions

There are no pending motions. However, the parties do intend to file the evidentiary motions described in paragraph 12 below.

6.     Issues of Law

The only issues of law relate to evidentiary issues to be determined within the parties' evidentiary motions described in paragraph 12 below.

7.     Requested amendments to pleadings.

None.

8.     Additional matters

None.

9.     Probable length of trial.

Plaintiff expects to need approximately two one-half days to put her evidence in.

Defendants expect to need approximately one half-day session.

The parties expect the trial to last approximately 3 days.

10. <u>List of witnesses</u>

For the plaintiff:

1. Leslie McKinnon
   10 Bicknell Terrace
   Lawrence, MA 01841
   617-719-8336

2. James Keenan
   110 Babcock Street
   Quincy, MA 02169
   617-770-4795

3. Detective Michael Regal
   Cambridge Police Department
   5 Western Avenue
   Cambridge, MA 02139
   617- 349-3300

4. Francis Gately
   5 Sean Drive
   Mansfield, MA 02048
   508-339-3745

5. Joseph Itri or Jeff Sullivan
   c/o Painters and Tapers Local Union
   25 Colgate Road
   Roslindale, MA 02131
   617-522-0520

6. Keith Beaudoin
   131 Pleasant Street
   Chichester, NH 03258
   603-435-5003

7. Martin Goulet
   27 Beaver Pond Road
   Weare, NH 03281
   603-529-5747

8. Mary Byrne
   Counseling Associates of Cambridge
   1753 Massachusetts Ave.
   Cambridge, MA 02140
   617- 576-2296

       9.     Keeper of records witnesses necessary to admit any records identified herein.

For defendants Fred Williams and Linbeck:

1. Leslie MacKinnon
   10 Bicknell Terrace
   Lawrence, Massachusetts
   (617) 719-8336

2. James J. Keenan
   110 Babcock Street
   Quincy, Massachusetts
   (617) 770-4795

3. Tim Manning
   Vice President, Project Manager
   Fred Williams, Inc.
   20 Scanlon Drive
   Randolph, Massachusetts 02368
   (781) 961-1500

4. William Moore
   Project Superintendent
   Linbeck, Kennedy & Rossi
   One Macguire Road
   Lexington, Massachusetts 02421
   (781) 372-1100

5. Francis Gately
   Foreman – Pipefitter
   Fred Williams, Inc.
   20 Scanlon Drive
   Randolph, Massachusetts 02368
   (781) 961-1500

6. Raymond Hennessey
   Journeyman Pipefitter
   Fred Williams, Inc.
   20 Scanlon Drive
   Randolph, Massachusetts 02368
   (781) 961-1500

7. William Henry

10

                 Outside Supervisor - Pipefitter
                 Fred Williams, Inc.
                 20 Scanlon Drive
                 Randolph, Massachusetts 02368
                 (781) 961-1500

8.       Martin Goulet
           Foreman
           27 Beaver Pond Road
           Weare, NH 03281
           603-529-5747

9.       Mary Byrne
           Licensed Social Worker
           Counseling Associates of Cambridge
           1753 Massachusetts Avenue
           Cambridge, MA  02140

10.     Alejandra Pro-Rossquez, MD
           Brookline Associates Internal Medicine, P.C.
           Medical Office Building
           11 Nevins Street, Suite 505
           Brighton, MA  02135
           (617) 782-9210

11.     Nicole H. Boudreau, MD
           1180 Beacon Street, Suite 2C
           Brookline, MA  02446

12.     Mark Noonan
           Project Engineer
           Linbeck, Kennedy & Rossi
           One Macguire Road
           Lexington, Massachusetts 02421
           (781) 372-1100

For defendant James Keenan:

     1.       Detective Michael Regal
                Cambridge Police Department
                5 Western Avenue
                Cambridge, MA 02139
                617- 349-3300

     2.       Francis Gately

       5 Sean Drive
       Mansfield, MA 02048
       508-339-3745

3.     Raymond Hennessey
       Journeyman Pipefitter
       Fred Williams, Inc.
       20 Scanlon Drive
       Randolph, Massachusetts 02368
       (781) 961-1500

4.     Leslie MacKinnon
       10 Bicknell Terrace
       Lawrence, Massachusetts
       (617) 719-8336

5.     William Moore
       Project Superintendent
       Linbeck, Kennedy & Rossi
       One Macguire Road
       Lexington, Massachusetts 02421
       (781) 372-1100

6.     William Henry
       Outside Supervisor - Pipefitter
       Fred Williams, Inc.
       20 Scanlon Drive
       Randolph, Massachusetts 02368
       (781) 961-1500

11.    <u>Proposed Exhibits.</u>

Plaintiff's proposed exhibits:

      1.    Certified copies of convictions of James Keenan, Quincy District Court # 9056CR3859, Quincy District Court # 8756CR03671A and 8756CR03671B, Wrentham District Court # 8857CR7384, and Dedham District Court # JC871776A and JC871776B.

      2.    MCAD Position Statements of Fred Williams, Inc., Linbeck, Kennedy and James Keenan within the MCAD matter between the parties.

12

3. Cambridge Counseling Associates mental health treatment reports and bills.

4. Medical Records of Alejandra Pro-Risquez, MD.

5. MCAD charge of Leslie McKinnon dated 5/27/03, and filing date stamped 12/3/02.

6. Tape recording of testimony from the trial of <u>Commonwealth v. James Keenan,</u> Docket No. 0352 CR 3239, Cambridge District Court, including that of Francis Gately and James Keenan.

7. Exhibit 3 from the deposition of James Keenan (drawing).

Defendants Fred Williams and Linbeck's proposed Exhibits:

1. Cambridge Police Department Investigative Report, file number 03-4374. (6/3/03)

2. "Draft Complaint" submitted by Leslie MacKinnon to the MCAD. (5/27/03)

3. MacKinnon's hand-drawn diagram of the Memorial Drive jobsite (1/6/06)

4. Leslie MacKinnon's handwritten notes. (First page has heading "780 Memorial Drive Cambridge Mass")

5. MacKinnon's Complaint submitted to the MCAD (5/27/03)

6. Rebuttal of Leslie MacKinnon to Position Statement of Respondent Fred Williams, Inc. (8/15/03)

7. Sexual Harassment Policy for Fred Williams (PPL)

8. Sexual Harassment Policy for Linbeck

9. James Keenan's hand-drawn diagram of the Memorial Drive jobsite (2/8/06)

10. Transcript of proceedings in Commonwealth vs. James Keenan, Docket No, 0352 CR 3239, Cambridge District Court (12/14/04)

13

    11.    Diagram/floor plan of 780 Memorial Drive jobsite

Defendant James Keenan's Exhibits:

    1.    Certified copies of the acquittal of James Keenan in Cambridge District Court docket #0352CR3239.

    2.    Records of the Plaintiff's substance abuse treatment.

12.    <u>Motions in Limine</u>

The plaintiff expects to file the following motions in limine on or before September 12, 2006 and reserves the right to supplement this list by September 12, 2006:

    1.    To admit certified copies of convictions of James Keenan, Quincy District Court # 9056CR3859, Quincy District Court # 8756CR03671A and 8756CR03671B, Wrentham District Court # 8857CR7384, and Dedham District Court # JC871776A and JC871776B.

    2.    To exclude records or reference of the plaintiff's substance abuse treatment program in 1996 at the Gosnold Center.

    3.    To exclude evidence or reference to the acquittal of James Keenan in Cambridge District Court docket number 0352CR3239.

Defendants Fred Williams and Linbeck expect to file the following motions in limine on or before September 12, 2006 and reserve the right to supplement this list by September 12, 2006:

1. To exclude records of or reference to defendant James Keenan's prior criminal convictions. Such exclusion will include the certified copies of convictions which have been designated as exhibits by Plaintiff as listed below:

   i. Quincy District Court # 9056CR3859

   ii. Quincy District Court # 8756CR03671A and 8756CR03671B

   iii. Wrentham District Court # 8857CR7384, and

   iv. Dedham District Court # JC871776A and JC871776B

2. To exclude mental health treatment reports or medical records from Cambridge Counseling Associates and/or Alejandra Pro-Risquez, MD.

Defendant James Keenan expects to file the following motions in limine on or before September 12, 2006 and reserve the right to supplement this list by September 12, 2006:

None.

Respectfully submitted,

*LESLIE MACKINNON*,

By her attorneys,

COHEN & SALES


/s/ Sol J. Cohen
Sol J. Cohen (BBO #630776)
Cohen & Sales
43 Thorndike Street
Cambridge, Massachusetts, 02141
(617) 621-1151


JOHN P. LEGRAND & ASSOCIATES


/s/ John P. LeGrand
John P. LeGrand (BBO#550185)
John P. LeGrand & Associates
375 Broadway, Suite 2
Somerville, Massachusetts  02145
(617) 623- 3001



*FRED WILLIAMS, INC.*, *LINBECK, KENNEDY & ROSSI,*

By their attorneys,

PROSKAUER ROSE LLP


/s/ Eben A. Krim
Mark W. Batten (BBO#566211)
Eben A. Krim (BBO#652506)
Proskauer Rose LLP
One International Place
Boston, Massachusetts  02110
(617) 526-9850



*PRO SE DEFENDANT,*

_____
James J. Keenan
110 Babcock Street
Quincy, Massachusetts  02169