UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LESLIE MACKINNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 05-11555-JLT |
| ) | |
| LINBECK, KENNEDY & ROSSI, ) | |
| FRED WILLIAMS, INC., and ) | |
| JAMES J. KEENAN, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS FRED WILLIAMS, INC. AND LINBECK, KENNEDY & ROSSI'S MOTION IN LIMINE TO EXCLUDE RECORDS OF OR REFERENCE TO DEFENDANT JAMES KEENAN'S PRIOR CRIMINAL CONVICTIONS**

The Plaintiff in this sexual harassment case, Ms. Leslie MacKinnon, intends to introduce as exhibits at trial, certified copies of Defendant James Keenan's prior criminal convictions. Specifically, she means to introduce evidence of four previous convictions, the <u>most recent</u> of which is over 15 years old.[1] Such evidence cannot be properly admitted for several reasons: First, Ms. MacKinnon can not meet the elevated standard set by Federal Rule of Evidence 609(b) for admission of prior convictions which are over ten years old. Second, even setting aside the requirements of Rule 609, any probative value that the prior criminal convictions may have for purposes of impeachment are clearly outweighed by their severe prejudicial effect, and therefore must be excluded under a Rule 403 balancing analysis. Finally, admission of these remote

---

[1] The Plaintiff intends to introduce certified copies of James Keenan's prior convictions for (1) assault and battery with a dangerous weapon in 1987; (2) minor transporting alcohol in 1988; (3) operating under the influence of liquor in 1988; and (4) possession of an open container in 1990.

convictions for the purposes contemplated by the Plaintiff must be precluded because the law is well established that a party may not impeach the credibility of a witness, on a purely collateral matter, through the introduction of extrinsic evidence.

## I. Defendant James Keenan's Prior Convictions Must be Excluded Under Rule 609(b) of the Federal Rules of Evidence

According to Fed. R. Evid. 609(b), "evidence of a conviction…is not admissible if a period of more than ten years has elapsed since the date of the conviction…unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." As the First Circuit has noted, "the framers intended 'that convictions over 10 years old will be admitted *very rarely and only in exceptional circumstances*.'" Danco, Inc. v. Wal-Mart Stores, Inc., 178 F.3d 8, 17 (1st Cir. 1999) (quoting Fed. R. Evid. 609, advisory committee's note to subdivision (b), 1974 enactment) (emphasis added). Rule 609(b) assumes that, "since the probative value of such antiquated conviction evidence is low, that value is probably outweighed by its prejudicial effect." Wright & Gold, Federal Practice and Procedure: Evidence § 6136. As such, the Rule weighs probative value against prejudice in a way "dramatically skewed in favor of excluding the conviction evidence; the evidence is inadmissible unless probative value 'substantially outweighs' prejudice." Id.

Here, all four of the convictions sought to be admitted by the Plaintiff are well over ten years old, with dates ranging from 1987 to 1990. The most recent of these is over fifteen years old. Under these circumstances, any probative value for credibility based on these convictions is minimal at best and the danger of prejudice is clear. See e.g. Danco, 178 F.3d at 17 (upholding

2

trial court's exclusion of remote drug conviction where probative value was minimal and risk of prejudice clear), Freeman v. Package Mach. Co., 865 F.2d 1331, 1340 (1st Cir. 1988). Rule 609(b) is "dramatically skewed in favor of excluding…conviction evidence [over ten years old]" and the Plaintiff plainly cannot meet its demanding requirements in this case. Wright & Gold, Federal Practice and Procedure: Evidence § 6136. See also, U.S. v. Redditt, 381 F.3d 597, 601 (7th Cir. 2004) (remote convictions should be admitted "very rarely and only in exceptional circumstances").

## II. Any Minimal Probative Value Attributable to Keenan's Criminal Convictions is Clearly Outweighed by Their Severe Prejudicial Effect

Even setting aside the heightened requirements of Rule 609, any probative value that Keenan's prior criminal convictions may have for purposes of impeachment are clearly outweighed by their severe prejudicial effect under a Rule 403 balancing analysis. Rule 403 provides that: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice…". In this case, plaintiff apparently intends to admit Keenan's prior convictions as a means of attacking his credibility and as fodder for impeachment. These convictions are wholly unrelated to any issue in the case, however, and their probative value is minimal at best. The danger of unfair prejudicial effect should they be admitted on the other hand, is quite high, as the jury would be exposed to evidence of the defendant's convictions which occurred over fifteen years ago. See e.g. United States v. Aguilar-Aranceta, 58 F.3d 796 (1st Cir. 1995) (reversing based on trial court's decision to admit evidence of defendant's prior conviction where such admission created unfair prejudice significantly outweighing any probative worth of the evidence).

Plaintiff may argue that she only seeks to introduce the convictions for the purpose of contradicting Keenan's deposition testimony which, plaintiff contends, did not accurately reflect his prior criminal history. In his deposition, however, Keenan readily acknowledged two of these convictions, leaving only a 1990 conviction for possession of an open container, and a 1988 conviction for transporting alcohol as a minor, at issue. Clearly, any probative value attributable to these remote convictions (the most recent of which occurred over 15 years ago), is outweighed by the unfair prejudicial effect their introduction would likely have on the jury.

### III. Impeachment of a Witness by Introduction of Extrinsic Evidence is not Permitted with Respect to Collateral Issues

It is well established that a party may not present extrinsic evidence to impeach a witness by contradiction on a collateral matter. See United States v. Beauchamp, 986 F.2d 1, 3-4 (1st Cir. 1993) citing United States v. Pisari, 636 F.2d 855, 859 (1st Cir. 1981); 1 McCormack on Evidence § 45, at 169 (4th ed. 1992). In addition to this general prohibition, Rule 608(b) of the Federal Rules of Evidence expressly precludes the use of extrinsic evidence solely to impeach a witness's credibility. The rule states in relevant part: "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence." "Like the general rule barring the use of extrinsic evidence to impeach a witness on a collateral matter through contradiction, the purpose of Rule 608(b)'s prohibition of extrinsic evidence is to avoid holding mini-trials on irrelevant or collateral matters." Beauchamp, 986 F.2d at 3 citing United States v. Ciampaglia, 628 F.2d 632, 641-42 (1st Cir.), *cert. denied*, 449 U.S. 956 (1980); United States v. Martz, 964 F.2d 787, 789 (8th Cir.), *cert. denied*, 113 S. Ct. 823 (1992). Thus, even if Keenan's remote prior convictions were somehow deemed admissible under the respective rubrics of Rules

4

609 and 403, they would nonetheless run afoul of the rule against impeachment on a collateral matter, as described above.

As discussed above, the plaintiff may contend that she only seeks to introduce the convictions for the purpose of contradicting Keenan's deposition testimony about his criminal record.  This is clearly a collateral matter, however, and has no relevance to the case whatsoever, beyond simple contradiction.  A matter is considered collateral if "the matter itself is not relevant in the litigation to establish a fact of consequence, i.e., not relevant for a purpose other than mere contradiction of the in-court testimony of the witness." Beauchamp, 986 F.2d at 3 citing 1 McCormack on Evidence § 45, at 169.  Given the lack of any connection between Keenan's prior convictions and the issues in the present case, it is clear that any impeachment contemplated by the plaintiff would relate to wholly collateral matters, and Keenan's convictions should thus be excluded from evidence.  See e.g. United States v. Innamorati, 996 F.2d 456, 480 (1st Cir. 1993) (affirming exclusion of proposed extrinsic evidence to contradict a specific assertion made by the witness during direct testimony and noting that "a court may, indeed normally does, preclude a party from proving with extrinsic evidence that a witness lied in court on a collateral matter"); U.S. v. Salameh, 152 F.3d 88, 131 (2nd Cir. 1998) (trial court did not abuse its discretion in excluding under Rule 608(b) evidence of conviction that was more than twenty-five years old where its probative value was not sufficiently enhanced by its showing that the witness lied at his sentencing hearing).

For the reasons stated above, defendants Fred Williams and Linbeck respectfully request that the plaintiff be precluded from offering any records of, or making any reference to, James Keenan's prior criminal convictions.

Respectfully submitted,

FRED WILLIAMS, INC. and
LINBECK, KENNEDY & ROSSI

By their attorneys,

/s/Eben A. Krim_____
Mark W. Batten, BBO #566211
Eben A. Krim, BBO # 652506
Proskauer Rose LLP
One International Place
Boston, MA 02110
(617) 526-9850

Dated:  September 12, 2006

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record,  by means of either the electronic filing system or first-class mail, postage paid, this 12th day of September, 2006.

/s/Eben A. Krim_____
Eben A. Krim