UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-11555-JLT

_____
                                        )
LESLIE MACKINNON                        )
                                        )
        Plaintiff                       )
                                        )
v.                                      )
                                        )
LINBECK, KENNEDY & ROSSI,               )
FRED WILLIAMS, INC., and                )
JAMES J. KEENAN                         )
                                        )
        Defendants                      )
_____)


**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS  AS TO LIABILITY**


**1.     Definition of sexual harassment**


Sexual harassment is considered a form of gender discrimination prohibited under Massachusetts law. Sexual harassment means unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature if


submission to or rejection of such advances are either explicitly or implicitly made a term or condition of employment or are used as a basis for employment decisions;[i] or


such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or altering the terms or conditions of employment by creating an intimidating, hostile, humiliating, or sexually offensive work environment.[ii]


**2.     Hostile Work Environment Elements Under MGL Chapter 151B**


The plaintiff claims that she was subjected to a hostile work environment. In order to recover, the plaintiff must prove by a preponderance of the credible evidence that

1.    she was subjected to verbal or physical conduct of a sexual nature;

2.    the sexual advances were unwelcome;

3.    the conduct was sufficiently severe or pervasive to cause the work environment to become hostile, intimidating, or humiliating to an objectively reasonable person in the plaintiff's position; and

4.    this conduct affected her job performance or altered the conditions of her employment.[iii]

**3.    Hostile Work Environment Elements under Title VII**

The plaintiff claims that she was subjected to a hostile work environment. In order to recover, the plaintiff must prove by a preponderance of the credible evidence that

1.    she belongs to a protected class;

2.    she was subjected to unwelcome sexual harassment in the form of verbal or physical conduct of a sexual nature;

3.    the harassment complained of was based on sex;

4.    the sexual harassment had the effect of unreasonably interfering with plaintiff's work performance and creating an intimidating, hostile or offensive work environment;

5.    the employer has responsibility for the acts of sexual harassment in the workplace to which the plaintiff was subjected.

The sexual harassment need not be explicitly sexual in nature and need not have explicit sexual overtones.

*Oncase v. Sundowner Offshore Services, Inc., 523 U.S. 75, 118 S. Ct. 998 (1998); Harris v. Forklift Systems, Inc., 510 U.S. 17, 114 S. Ct. 367 (1993); Scarfo v. Cabletron Systems, Inc., 54 F. 3d. 931 (1st Cir. 1995).*

*Quick v. Donaldson Co., Inc.,* 90 F. 3d. 1372, 1377 (8th Cir. 1996).

**4.      Severe or Pervasive**

In determining whether the defendant's conduct was severe or pervasive, you should consider the frequency of the conduct as well as its severity and offensiveness. The more severe and offensive the conduct, the less frequent it has to be to create a hostile work environment. Likewise, less severe and offensive conduct can constitute a hostile environment if it is repetitious. The type of conduct that may give rise to a hostile work environment includes, but is not limited to, unwelcome physical touching, sexual jokes, derogatory gender references, or sexual propositions. When examining whether the conduct was hostile, intimidating, or humiliating, it must be viewed in the light of a reasonable person in the plaintiff's position.[iv]

**5.      Hostile Work Environment—Employer Liability**

If you find that the plaintiff has proven the elements that I have given you, then the plaintiff is entitled to recover from the employer if you find that the plaintiff was harassed by a person who had no supervisory authority the employer either knew or should have known of the harassment and failed to take adequate steps to remedy it.[v]

**6.      Employer liability for acts of non employee perpetrator**

An employer may be liable for the sexual harassment of a non-employee perpetrator where the employer knew or should have known of the harassing conduct but "failed to take prompt, effective and reasonable remedial action."

In determining whether the employers in this case may be liable for sexual harassment of a non-employee perpetrator, the factor of control is to be taken into consideration. The primary difference between employer liability for harassment perpetrated by its employees and harassment committed by non-employees lies is the ability of the employer to control the conduct  of the non-employees. The greater the employer's ability to control the non-employee's conduct, the more likely it will be found liable for that person's unlawful harassment.

An employer who passively tolerates the creation of a hostile working environment implicitly ratifies the perpetrator's misconduct and thereby encourages the perpetrator to persist in such misconduct, whatever the employer's precise legal relationship to the perpetrator. Moreover,

3

acquiescence on the part of the employer effectively communicates to the victim of harassment that her employer does not care about the hostile environment in which she must work, a message that can only operate to exacerbate the adverse effects of that hostile environment. In this context, an employer who is not part of the solution inevitably becomes part of the problem.

*Modern Continental/Obayashi v. MCAD, 445 Mass. 96, 105-107; 833 N.E.2d 1130 (2005);29 C.F.R. § 1604.11(e); See Watson v. Blue Circle, Inc., 324 F.3d 1252, 1258 n.2 (11th Cir. 2003); Little v. Windermere Relocation, Inc., 301 F.3d 958, 968 (9th Cir. 2002); Turnbull v. Topeka State Hosp., 255 F.3d 1238, 1244 (10th Cir. 2001); Lockard v. Pizza Hut, Inc., 162 F.3d 1062, 1073-1074 (10th Cir. 1998); [\*\*\*24]  Rodriguez-Hernandez v. Miranda-Velez, 132 F.3d 848, 854  [\*108]  (1st Cir. 1998); Crist v. Focus Homes, Inc., 122 F.3d 1107, 1111-1112 (8th Cir. 1997); Folkerson v. Circus Circus Enters., Inc., 107 F.3d 754, 756 (9th Cir. 1997).*

For the plaintiff,
By her attorney,


/s/ Sol J. Cohen
Sol J. Cohen
BBO # 630776
COHEN & SALES
43 Thorndike Street
Cambridge, MA 02141
(617) 621-1151

4

[i] G.L. c. 151B, §1(18)(a); *College-Town, Div. of Interco, Inc. v. MCAD*, 400 Mass. 156, 163, 508 N.E.2d 587, 591 (1987); *Ramsdell v. Western Mass. Bus Lines, Inc.*, 415 Mass. 673, 677, 615 N.E.2d 192, 195 (1993); *see also Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 65–67 (1986).

[ii] G.L. c. 151 B, §1 (18)(b); *College-Town, Div. of Interco, Inc. v. MCAD*, 400 Mass. 156, 162, 508 N.E.2d 587, 591 (1987); *Ruffino v. State St. Bank & Trust Co.*, 908 F.Supp. 1019, 1036 (D.Mass. 1995).

[iii] G.L. c. 151B, § 1(18); *Melnychenko v. 84 Lumber Co.*, 424 Mass. 285, 286, 676 N.E.2d 45, 46 (1997); *College-Town, Div. of Interco, Inc. v. MCAD*, 400 Mass. 156, 162, 508 N.E.2d 587, 591 (1987); *Ramsdell v. Western Mass. Bus Lines, Inc.*, 415 Mass. 673, 677–79, 615 N.E.2d 192, 195–96 (1993); *Gnerre v. MCAD*, 402 Mass. 502, 507, 524 N.E.2d 84, 88 (1988); *Smith v. Brimfield Precision, Inc.*, 17 MDLR 1089, 1097–99 (1995).

[iv] *College-Town, Div. of Interco, Inc. v. MCAD*, 400 Mass. 156, 158–59, 162, 508 N.E.2d 587, 589, 591 (1987); *Ramsdell v. Western Mass. Bus Lines, Inc.*, 415 Mass. 673, 677–79, 615 N.E.2d 192, 195–96 (1993); *Gnerre v. MCAD*, 402 Mass. 502, 507–08, 524 N.E.2d 84, 88–89 (1988); *Ruffino v. State St. Bank & Trust Co.*, 908 F.Supp. 1019, 1036 n.28, 1038–39 nn. 34–35 (D.Mass. 1995); *see also Ellison v. Brady*, 924 F.2d 872, 878 (9th Cir. 1991) (severity or seriousness of harassing conduct varies inversely with pervasiveness or frequency of conduct); *King v. Board of Regents of the Univ. of Wis. Sys.*, 898 F.2d 533, 537 (7th Cir. 1990) (single act can be sufficient for finding of sexual harassment).

[v] *College-Town, Div. of Interco, Inc. v. MCAD*, 400 Mass. 156, 165–67, 508 N.E.2d 587, 592–94 (1987); *Smith v. Brimfield Precision, Inc.*, 17 MDLR 1089, 1099 (1995).