UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-11555-JLT

_____
                                          )
LESLIE MACKINNON                  )
                                          )
     Plaintiff                            )
                                          )
v.                                          )
                                          )
LINBECK, KENNEDY & ROSSI,    )
FRED WILLIAMS, INC., and       )
JAMES J. KEENAN                )
                                          )
     Defendants                       )
_____)

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS  AS TO DAMAGES**

**1.**       **Damages generally**

If the plaintiff has proven to you that the defendant unlawfully discriminated against [him/her], then you must decide the amount of damages, if any, that will fairly compensate the plaintiff. The purpose of an award of compensatory damages is to make the plaintiff whole for all the losses that [he/she] has suffered because of the defendant's unlawful discrimination. The plaintiff bears the burden of proof on damages. Although uncertainty in the amount of damages does not bar recovery and mathematical precision is not required, you must not speculate, conjecture, or guess in awarding damages. The award is acceptable as long as it is based on just and reasonable inferences from the evidence. If you find that the defendant unlawfully discriminated against the plaintiff, then you may award damages in the following four areas:

1.   back pay,

2.   front pay,

3.   emotional distress, and

4.   punitive damages.

I will explain each to you.[i]

**2.     Emotional Distress**

If you find that the plaintiff has been discriminated against, you may also award her reasonable damages for her emotional distress. Emotional distress includes mental pain, discomfort, indignity, depression, fear, anxiety, or humiliation suffered as a result of the discrimination. Although uncertainty in the amount of damages does not bar recovery and mathematical precision is not required, you must not speculate, conjecture, or guess in awarding damages. The award is acceptable as long as it is based on just and reasonable inferences from the evidence.[ii]

**3.     Punitive Damages**

If you find that the defendant has intentionally discriminated against the plaintiff, you may consider whether punitive damages are warranted. Punitive damages are different from compensatory damages. Unlike compensatory damages, which compensate the victim for the harm she has suffered, the purpose of punitive damages is to punish the defendant for conduct that is outrageous because of the defendant's evil motive or reckless indifference to the rights of others. Punitive damages are appropriate where the defendant's conduct warrants condemnation and deterrence.

In determining the amount of a punitive damage award, if any, you should consider:

1.  the character and nature of the defendant's conduct;

2.  the defendant's wealth, in order to determine what amount of money is needed to punish the defendant's conduct and to deter any future acts of discrimination;

3.  the actual harm suffered by the plaintiff; and

4.  the magnitude of any potential harm to other victims if similar future behavior is not deterred.

If you do award punitive damages, you should fix the amount by using calm discretion and sound reason.[iii]

*See Kolstad v. American Dental Association, 527 U.S. 526 (1999).*

                                                  For the plaintiff,
                                                  By her attorney,

                                                  /s/ Sol J. Cohen
                                                  Sol J. Cohen
                                                  BBO # 630776
                                                  COHEN & SALES
                                                  43 Thorndike Street
                                                  Cambridge, MA 02141
                                                  (617) 621-1151

---

[i] G.L. c. 151B, § 9; *Conway v. Electro Switch Corp.*, 402 Mass. 385, 388, 523 N.E.2d 255, 256–57 (1988); *Rombola v. Cosindas*, 351 Mass. 382, 385, 220 N.E.2d 919, 922 (1966); *Agoos Leather Cos. v. Am. & Foreign Ins. Co.*, 342 Mass. 603, 608, 174 N.E.2d 652, 655 (1961).

[ii] *Labonte v. Hutchins & Wheeler*, 424 Mass. 813, 824, 678 N.E.2d 853, 860–61 (1997), *Bournewood Hosp., Inc. v. MCAD*, 371 Mass. 303, 315–17, 358 N.E.2d 235, 242–43 (1976); *Rombola v. Cosindas*, 351 Mass. 382, 385, 220 N.E.2d 919, 922 (1966); *Agoos Leather Cos. v. Am. & Foreign Ins. Co.*, 342 Mass. 603, 608, 174 N.E.2d 652, 655 (1962); *Franklin Publishing Co. v. MCAD*, 25 Mass.App.Ct. 974, 975, 519 N.E.2d 798, 799–800 (1988); *Buckley Nursing Home v. MCAD*, 20 Mass.App.Ct. 172, 182, 478 N.E.2d 1292, 1299 (1985).

[iii] *Dartt v. Browning-Ferris Indus., Inc.*, 427 Mass. 1, 16–17, 691 N.E.2d 526, 536–37 (1998); *Bain v. City of Springfield*, 424 Mass. 758, 767–68, 678 N.E.2d 155 161–62 (1997); *Labonte v. Hutchins & Wheeler*, 424 Mass. 813, 826–27, 678 N.E.2d 853, 862–63 (1997); Restatement (Second) of Torts § 908(2) (1979); *TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 459–62 (1993); *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 15–20 (1991); *Rowlett v. Anheuser-Busch, Inc.*, 832 F.2d 194, 206–07 (1st Cir. 1987) (intentional discrimination by its very nature is outrageous and entitles a jury to consider the issue of punitive damages); *Contardo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 753 F.Supp. 406, 412 (D.Mass. 1990).