UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LESLIE MACKINNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 05-11555-JLT |
| ) | |
| LINBECK, KENNEDY & ROSSI, ) | |
| FRED WILLIAMS, INC., and ) | |
| JAMES J. KEENAN, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS FRED WILLIAMS, INC. AND LINBECK, KENNEDY & ROSSI'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR REFERENCE TO THE ACQUITTAL OF DEFENDANT KEENAN IN CAMBRIDGE DISTRICT COURT DOCKET NUMBER 0352CR3239**

Defendants Linbeck, Kennedy & Rossi and Fred Williams, Inc. respectfully oppose plaintiff's motion to exclude evidence of defendant James Keenan's acquittal. While the acquittal is not relevant to show Keenan's innocence of the acts about which plaintiff complains, it is relevant for other purposes, and should be admitted with an appropriate limiting instruction. Indeed, it would be deeply and unfairly prejudicial to the defendants to exclude the acquittal.

At the same time that she was pursuing civil discrimination claims against the defendants, plaintiff sought criminal charges against defendant Keenan for alleged assault and battery and criminal harassment relating to the same events that underlie her civil claims in this case. A trial was held on

those criminal charges in Cambridge District Court in December 2004, and the jury acquitted Keenan on all counts.

We acknowledge that the acquittal is not relevant for the narrow purpose of showing that Keenan did not commit the acts charged, because of the higher burden of proof in a criminal case. But the acquittal is relevant for other purposes, and therefore should be admitted with an appropriate limiting instruction.

Both sides wish to reference the criminal trial for a variety of purposes. MacKinnon apparently believes that she may be able to impeach witnesses in the current trial with their testimony in the criminal case, for example; defendants expect the same with regard to Ms. MacKinnon's testimony.

But there are other reasons that the criminal trial is relevant. For example, Ms. MacKinnon plans to call a social worker, Mary Byrne, as an expert on damages; Ms. Byrne's notes indicate that she and MacKinnon discussed the criminal proceedings extensively as part of Ms. MacKinnon's treatment for alleged emotional distress. Defendants also contend that Ms. MacKinnon's unwarranted pressing of criminal charges (the "battery," for example, apparently consisted of an occasion when MacKinnon alleges Keenan spit on her leg) is part of a pattern of vindictive pursuit of Keenan that undermines her claims in the current case.

It would be harshly prejudicial to the defendants to let the jury know that Keenan was tried on criminal charges – which both sides wish to do – but then to withhold from the jury the outcome of the case. The jury's likely

assumption will be that Keenan was convicted, and they will attach wholly unwarranted significance to that assumed result. In any case, the jury unquestionably will speculate about the outcome, and the criminal trial accordingly will have an improper influence on the jury's deliberations in this matter.

Any concern that the jury might attach too much significance to the acquittal can be directly remedied by an appropriate limiting instruction from the Court explaining the difference between criminal and civil burdens of proof, and clarifying the limited purpose of the evidence. See e.g. <u>Kentucky ex rel. Chandler v. Louis Trauth Dairy</u>, 1998 U.S. App. LEXIS 7743 (6th Cir. 1998) (holding that judge's forceful limiting instructions on the differing burdens of proof "squarely addressed the possible prejudice in admitting testimony concerning the prior criminal acquittal").

Accordingly, defendants Fred Williams and Linbeck vigorously oppose the plaintiff's motion in limine and request that the Court enter an order permitting minimal references to Mr. Keenan's acquittal in the prior criminal case, for the limited purpose and with the limiting instruction described above.

Respectfully submitted,

FRED WILLIAMS, INC. and
LINBECK, KENNEDY & ROSSI

By their attorneys,


/s/Eben A. Krim_____
Mark W. Batten, BBO #566211
Eben A. Krim, BBO # 652506
Proskauer Rose LLP
One International Place
Boston, MA 02110
(617) 526-9850


Dated:  September 15, 2006


CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record,  by means of either the electronic filing system or first-class mail, postage paid, this 15th day of September, 2006.


/s/Eben A. Krim_____
Eben A. Krim