UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LESLIE MACKINNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 05-11555-JLT |
| ) | |
| LINBECK, KENNEDY & ROSSI, ) | |
| FRED WILLIAMS, INC., and ) | |
| JAMES J. KEENAN, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS FRED WILLIAMS, INC. AND LINBECK, KENNEDY & ROSSI'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OR REFERENCE TO PLAINTIFF'S PRIOR SUBSTANCE ABUSE TREATMENT**

The Plaintiff in this sexual harassment case, Ms. Leslie MacKinnon, has moved this Court for an order "excluding admission of evidence of or reference to the plaintiff's 1996 substance abuse treatment program." As grounds for the exclusionary order sought, the plaintiff states, citing to Rule 402 and 403 of the Federal Rules of Evidence, that the records from her substance abuse treatment in 1996 "have no bearing or relevance to any issues, events, claims, defenses, or claimed damages in this case." This is simply not so. In fact, plaintiff's treatment records from her residential substance abuse treatment include in-depth and regular mental health and counseling records which shed substantial light on existing conditions related to plaintiff's alleged emotional distress. As such, these records amount to strongly probative evidence of additional or alternative causes for Ms. MacKinnon's stated emotional distress symptoms, for which seeks damages at trial.

The plaintiff's treatment records are relevant to her claims for damages in this case, which are based entirely on emotional distress and psychological symptoms that she alleges are linked to defendant Keenan's harassment.  As such, these records are probative evidence of whether her damages were in fact caused by such alleged harassment, as well as of the existence and extent of any preexisting conditions.  MacKinnon's argument that the admission of any records reflecting her prior substance abuse problems is unduly prejudicial cannot stand where she herself has opened the door to these topics by putting her emotional condition and treatment at issue.  See  Parker v. Town of Swansea, 310 F. Supp. 2d 356, 373-374 (D. Mass. 2004) ("[plaintiff] cannot now argue that it was prejudicial for the jury to learn that he had a substance abuse problem and had participated in mental health treatment before the incident since he himself opened the door to these topics…").  See also, Allendorf v. Sully Transp., Inc., 2001 U.S. Dist. LEXIS 11072, 3-4 (D. Ill. 2001) (noting, in the context of substance abuse records, "the Seventh Circuit also recognizes that when a party places at issue the question of his mental health, any privilege that might attach to such medical information is waived").

MacKinnon also plans to call her mental health counselor, Mary P. Byrne, MSW, to testify about MacKinnon's ongoing therapy and treatment for Post Traumatic Stress Disorder and other conditions allegedly caused by defendants actions.  Ms. Byrne's treatment notes and other records contain multiple references to MacKinnon's history of substance abuse, and formed part of the analysis on which she rested her conclusions about Ms. MacKinnon's emotional distress – matters on which defendants are entitled to cross-examine her.  Thus it is the defendants who would be prejudiced by an order precluding any reference to or admission of these sections of her records.  See Parker, 310 F. Supp. 2d at 374 (noting that where plaintiff had called his treating psychologist to testify about his pre and post-incident mental health, evidence

of prior substance abuse was admissible because the plaintiff had "put these subjects at issue"). Where Ms. MacKinnon has put her emotional condition and medical treatment squarely at issue in pursuit of emotional distress damages in this matter, the defendants must be granted equal access to and use of those records.

For the reasons stated above, defendants Fred Williams and Linbeck respectfully oppose the plaintiff's motion in limine and request that the Court enter an order allowing the parties to reference and/or admit into evidence records from the plaintiff's prior substance abuse treatments.

                          Respectfully submitted,

                          FRED WILLIAMS, INC. and
                          LINBECK, KENNEDY & ROSSI

                          By their attorneys,

                          /s/Eben A. Krim_____
                          Mark W. Batten, BBO #566211
                          Eben A. Krim, BBO # 652506
                          Proskauer Rose LLP
                          One International Place
                          Boston, MA 02110
                          (617) 526-9850

Dated:  September 15, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record, by means of either the electronic filing system or first-class mail, postage paid, this 15th day of September, 2006.

                          /s/Eben A. Krim_____
                          Eben A. Krim