UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LESLIE MACKINNON,<br><br>    Plaintiff,<br><br>vs.<br><br>LINBECK, KENNEDY & ROSSI,<br>FRED WILLIAMS, INC., and<br>JAMES J. KEENAN,<br><br>    Defendants. | Civil Action No. 05-11555-JLT |

### DEFENDANTS' SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS ON MATTERS OF SUBSTANTIVE LAW

    Defendants, Fred Williams, Inc. ("Fred Williams") and Linbeck, Kennedy & Rossi ("Linbeck") (collectively "Defendants"), respectfully request that the Court instruct the jury on the law as set forth in the attached instructions. These proposed instructions will supplement Defendants' Proposed Jury Instructions on Matters of Substantive Law filed with the Court as an attachment to their Trial Brief on September 13, 2006.

    Respectfully submitted,

    FRED WILLIAMS, INC. and
    LINBECK, KENNEDY & ROSSI

    By their attorneys,

    /s/Eben A. Krim_____
    Mark W. Batten, BBO #566211
    Eben A. Krim, BBO # 652506
    Proskauer Rose LLP
    One International Place
    Boston, MA 02110
    (617) 526-9600

Dated: September 15, 2006

## XXII

## EMPLOYER LIABILITY – FACTOR OF CONTROL

In evaluating the actions of the defendants, you should consider the degree to which each of them had the practical ability to control the actions of the alleged harasser.[1] For example, an employer will generally have less control over individuals who are not its own employees. The relative ability to control the alleged harasser's actions is a critical factor for the imposition of liability on any of the defendants. Therefore, that ability to control must be demonstrated to you through evidence and not simply assumed.[2]

---

[1] See Modern Cont'l/Obayashi v. Mass. Comm'n Against Discrimination, 445 Mass. 96, 118 (Mass. 2005)

[2] Id. at 116-118 ("The MCAD Guidelines, the EEOC regulations, and the many cases applying those regulations recognize that the ability to "control" the third party perpetrator is a key factor in determining an employer's liability for sexual harassment perpetrated by that third party."). See also, 29 C.F.R. § 1604.11(e) (2004).

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record, by means of either the electronic filing system or first-class mail, postage paid, this 15th day of September, 2006.

        /s/Eben A. Krim_____
        Eben A. Krim